Russell L. IRISH, dba Russell L. Irish
Investments, Petitioner,

v.

SECURITIES & EXCHANGE COMMIS-
SION, Respondent.

No. 20472.

United States Court of Appeals
Ninth Circuit.

Oct. 19, 1966.

Rehearing Denied Nov. 25, 1966.

T. Dan Mortimer, Reaugh, Hart, Alli-
son, Mortimer & Prescott, Jack R. Davis,
Seattle, Wash., for petitioners.

David Ferber, Sol., Edward B. Wag-
ner, Special Counsel, Martin D. Newman,
Atty., S.E.C., Washington, D. C., for
respondent (S.E.C.).

Before MADDEN, Judge of the United
States Court of Claims, and KOELSCH
and BROWNING, Circuit Judges.

MADDEN, Judge:

This is a petition to review an order
of the Securities and Exchange Commis-

sion revoking the registration as a broker and dealer in securities of Russell L. Irish, expelling him from membership in the National Association of Securities Dealers, Inc., and naming Russell Lawson Irish, Mr. Irish's son whom he employs as a salesman, as a cause of that revocation and expulsion.[1] The SEC entered the order on August 27, 1965, pursuant to sections 15(b) and 15A of the Securities Exchange Act of 1934, 15 U.S.C. § 78o (b) and 78o–3. Jurisdiction of this court is based on section 25(a) of the Securities Exchange Act, 15 U.S.C. § 78y (a).

Mr. Irish contends (1) the Commission's findings are not supported by substantial evidence; (2) the Commission by unduly delaying the proceedings violated its own Rules of Practice and the Administrative Procedure Act; (3) the Commission's delay deprived Mr. Irish of "due process of law." We consider these contentions in order.

 Upon consideration of the record and the briefs and arguments of counsel, we conclude the record contains substantial evidence to support the Commission's findings that Mr. Irish advanced his own interests to the detriment of his customers by making excessive trades in mutual funds ("churning"), charging excessive commissions, and making sales to customers at prices just below the minimum break points.

On the issue of delay, the record shows that proceedings were commenced on March 19, 1959, and that hearings on the charges against Mr. Irish were held on four days commencing September 21, 1959. The evidence at the hearing covered the years 1950 through 1958 and together with the documentary evidence showed serious, wilful misconduct. Between December 3, 1959, and April 5, 1961, several depositions were taken and filed, by stipulation.

Substantially nothing further occurred until October 14, 1963, when the SEC

moved to reconvene the hearings. The hearing examiner, thinking the Commission barred by doctrines of laches and by "the concepts of fairness and due process," refused to reopen a case which had "been in such an inactive and dormant condition for so long." He issued an order recommending that the proceedings against Mr. Irish be dismissed.

The succeeding months saw motions, briefs, and arguments placed before the Commission, and a petition for review before this court (which this court dismissed).

Thereafter, on August 27, 1965, the SEC issued its order overruling the hearing examiner and revoking Mr. Irish's registration. The present petition to review this order was then filed in this court.

We find that none of the delays now entitle Mr. Irish to a dismissal of the charges and restoration of his broker-dealer registration.

We do not understand Mr. Irish to argue upon the first delay between his defrauding his customers (1950–1958) and the SEC's filing the charges (March 19, 1959). Compare Times-Picayune Pub. Co. v. United States, 345 U.S. 594, 623–624, 73 S.Ct. 872, 97 L.Ed. 1277 (1953); United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 151, 226, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).

 As for the second delay, from the last hearing (September 24, 1959) until the last deposition (April 5, 1961) Mr. Irish cannot complain after having stipulated at the time to the taking of the depositions. Compare Stearns Co. of Boston, Mass. v. United States, 291 U.S. 54, 61–62, 54 S.Ct. 325, 78 L.Ed. 647 (1934).

As for the further delays, from the last deposition (April 5, 1961) to the SEC's motion to reconvene the hearing (October 14, 1963), to the denial of the motion (April 3, 1964), to the issuing the revocation order (August 27, 1965), we find in them no cause for relief under sections

---

1. Russell Lawson Irish is also a petitioner and joins in the contentions made by his father. Petitioners are referred to herein collectively as "Mr. Irish."

6(a) [2] and 10(e) [3] of the Administrative Procedure Act or under the "due process" clause of the Constitution, for two reasons.

First, Mr. Irish has failed completely to show how the Commission caused him prejudice by waiting until 1965 to revoke his registration. Compare Costello v. United States, 365 U.S. 265, 281–284, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); Buatte v. United States, 350 F.2d 389, 394 (9th Cir. 1965). Boiled down, his argument is that early revocation would have left him the early 1960's to mend his fences, so that by now, he could have applied, successfully, for reinstatement.

The argument is specious. Mr. Irish may apply for reinstatement now. If in 1959 he stopped defrauding his customers (and the record is silent), he will have improved his case before the Commission.

Second, Mr. Irish did not contest the Commission's delay until the Commission moved (on October 14, 1963), to reconvene the hearing. He could have earlier petitioned a court to compel the Commission to expedite its proceedings. Administrative Procedure Act, sections 6(a) and 10(e), supra. Compare Deering Millikin, Inc. v. Johnston, 295 F.2d 856, 861–864 (4th Cir. 1961), with FTC v. J. Weingarten, Inc., 336 F.2d 687, 691–692 (5th Cir. 1964). But he might have been expediting the demise of his business. Perhaps that is why he asked the Commission (in October of 1963) for an outright dismissal, rather than a speedy decision on the merits. Mr. Irish, like the litigant who complained before the United States Supreme Court of the NLRB's delaying two and a half years before enforcing one of its orders, and "who could have obtained review of the Board['s] order when it was entered," "is hardly in a position to object." NLRB v. Pool Mfg. Co., 339 U.S. 577, 581, 70 S.Ct. 830, 94 L.Ed. 1077 (1951).

As to whether the Administrative Procedure Act further permits a court to dismiss the agency proceedings altogether, as argued by Mr. Irish, we express no opinion. Compare Texaco, Inc. v. FTC, 118 U.S.App.D.C. 366, 336 F.2d 754, 763, with FTC v. Texaco, Inc., 381 U.S. 739, 740, 85 S.Ct. 1798, 14 L.Ed.2d 714 (1965).

The other contentions of Mr. Irish are without merit.

Affirmed.

---

2. Section 6(a) provides in part: "Every agency shall proceed with reasonable dispatch to conclude any matter presented to it * * *" 5 U.S.C. § 1005(a).

3. Section 10(e) provides in part: "It [the reviewing court] shall (A) compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 1009(e).