114 N.J. Super. 454 (1971)
277 A.2d 226
IN THE MATTER OF APPEAL OF JOHN E. DARCY, INSPECTOR, MOTOR VEHICLES, DIVISION OF MOTOR VEHICLES, ON HIS REMOVAL.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1971.
Decided May 4, 1971.
*457 Before Judges KILKENNY, HALPERN and LANE.
Mr. Robert A. Coogan argued the cause for appellant (Messrs. Saling, Moore, O'Mara & Coogan, attorneys).
Mr. David S. Litwin, Deputy Attorney General, argued the cause for respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KILKENNY, P.J.A.D.
John E. Darcy appeals from a final order and judgment entered by the Civil Service Commission, affirming the termination of his services by the Division of Motor Vehicles, Department of Law and Public Safety.
*458 We now consider the particular points made by Darcy on this appeal.

I
Darcy contends that the not guilty verdict in his trial on criminal charges of nonfeasance in office acts as a collateral estoppel of matters pending before the Civil Service Commission.
The law is to the contrary. The quantum of proof in a criminal trial is different from and higher than that in proceedings before an administrative agency. In the former the proof must establish guilt beyond a reasonable doubt; in the latter, "it is only necessary to establish the truth of the charges by a preponderance of the believeable evidence and not to prove guilt beyond a reasonable doubt." Atkinson v. Parsekian, 37 N.J. 143, 149 (1962). It has been held that the acquittal of a member of the bar following trial of a criminal indictment is not res judicata in a subsequent disciplinary proceeding based on substantially the same charge or conduct. The basis for the holding was that the quantum of proof is lower in the latter than in the former criminal trial. In re Pennica, 36 N.J. 401 (1962).
In Freudenreich v. Mayor, &c., Fairview, 114 N.J.L. 290 (E. & A. 1935), a police officer was found guilty of unbecoming conduct and dismissed from office. The unbecoming conduct was based on a charge that he carried on an illicit relationship with one J.L., an unmarried woman, as a result of which an illegitimate child was born. Some months prior to the departmental hearing he had been prosecuted and acquitted in the criminal court of Bergen County in a filiation proceeding that arose out of the same alleged illicit relationship. It was held that the doctrine of res judicata was clearly not applicable.
See Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), holding that an acquittal of income tax evasion would not bar a suit by the government to recover *459 a tax deficiency which had been alleged in the criminal action.
So also in the instant case, Darcy's acquittal of the criminal charges does not preclude a finding by the Civil Service Commission of conduct unbecoming an officer, sufficient to warrant termination of his public employment.

II
Darcy's next point is that the testimony of those Latin-speaking witnesses who did not appear at the hearing before the Division of Motor Vehicles was improperly received at the hearing before the Civil Service Commission and such testimony should have been stricken.
There is no substantial merit in this claim. The five witnesses who had not testified at the departmental level merely recited other similar instances supportive of the same charges, which remained unaltered.
On appeal to the Civil Service Commission from a departmental determination a hearing de novo is held at which all relevant testimony may be introduced. Campbell v. Dept. of Civil Service, 39 N.J. 556, 561; East Paterson v. Civil Service Dept. of N.J., 47 N.J. Super. 55, 64 (App. Div. 1957). It is not a new hearing "on the record" below, but a new plenary hearing at which evidence and testimony are presented. The de novo hearing before the Commission on an administrative appeal is limited to the charges made below, West New York v. Bock, 38 N.J. 500, 522 (1962), but it is not confined to the precise testimony below.

III
It is next argued that the opinion of the Division's handwriting expert was based upon an improper foundation and thus should have been stricken.
Where identification of handwriting is in issue and reliance is placed on the opinion testimony of an expert, such identification may be established by a comparison of the disputed *460 writing with an admitted or proven genuine as the standard of comparison. 29 Am. Jur.2d, Evidence, § 806. The genuineness of a standard may be shown by the testimony of an eyewitness to its execution. Annotation, "Genuineness of Exemplar-Proof," 41 A.L.R.2d 575, 584, § 6 (1955), or it may be shown by a witness who through business transactions with the person having made the signature had obtained personal knowledge of the party's handwriting. Storm v. Hansen, 41 N.J. Super. 249, 254 (App. Div. 1956).
In this case the witness Lynch, a co-worker of Darcy, was qualified to identify Darcy's signature. Lynch's identification of Darcy's signature on various writings used in the performance of routine, day-to-day administrative work in the Division of Motor Vehicles qualified him to testify to genuineness of the signatures usable as standards of comparison. This is so even if Lynch never personally saw Darcy sign his name. It is proof by circumstantial evidence. Cf. Hoisting Machinery Co. v. Goeller Iron Wks., 84 N.J.L. 504, 507 (Sup. Ct. 1913). Darcy stipulated that he had signed various documents in evidence. The authenticity of those signatures remains undisturbed. The expert's "comparison of hands" was properly admitted. The weight and probative value of his testimony were for the hearing officer.
There was no error as to this aspect of the case.

IV
It is next asserted on Darcy's behalf that the conclusion of the hearing officer that Darcy's testimony was not credible is not supported by the record.
Darcy refers to comments by the Commissioner that (1) "Mr. Darcy * * * spoke very nicely on the witness stand and presented himself most favorably," and (2) "As far as Mr. Darcy is concerned, I regard him as an intelligent man." These comments as to nice speech, favorable presentation and intelligence do not negate or render inconsistent a finding that Darcy was "not credible." His defense was essentially *461 a denial of testimony sworn to by others. For example, he denied ever having seen "Pipo" or "Risa," who collected money from the Latin-Americans for getting them licenses without taking the tests. In rebuttal, the Division presented Alexander Binaco, a tavern owner in Eatontown, who testified that he had often seen Darcy and "Pipo" in his bar at the same time.
The issue of credibility was the most important factor in this case. "In such a context the conscientious conclusion of the trier of the facts as to which witnesses were more worthy of belief must be given great weight and accepted by the appellate tribunal unless clearly lacking reasonable support." Abeles v. Adams Engineering Co., Inc., 35 N.J. 411, 427 (1961). We cannot say that the hearing officer's appraisal of Darcy's lack of credibility was clearly without reasonable support.

V
We have reviewed the record and find the hearing officer's conclusions supported by substantial credible evidence. We do not agree with Darcy's assertion that the findings and conclusions are against the weight of the evidence. Nor do we subscribe to his allegation that they "are not the product of an independent, detached review of the evidence."

VI
Darcy argues that he was denied a public hearing and effective assistance of counsel at the hearing before the appointing authority and this vitiates that body's findings.
In the first place, this appeal is from the hearing before and decision by the Civil Service Commission. There was a plenary de novo hearing before the Commission. Alleged procedural deficiencies attendant upon the departmental prior hearing must be considered cured by the later hearing. 1 Davis, Administrative Law, § 7.10 at 448-452 (1958).
*462 Moreover, the alleged deficiencies lack merit. At the time of the departmental hearing there was no regulation in existence requiring a hearing within 30 days, as now required by N.J.A.C. 4:5-15. Nor is there any evidence that the hearing was deliberately closed to the public.
As to Darcy's request for an adjournment to seek counsel, the request was justifiably denied. Darcy had had notice of the charges for over a month and had failed to retain an attorney. The grant of continuances is a matter within the sound discretion of the hearer. We find no abuse of discretion under the circumstances herein.

VII
The final point presented for a reversal is that the two-year delay between the departmental hearing and the hearing before the Civil Service Commissioner unduly prejudiced Darcy.
The Commissioner delayed the hearing until there was a final determination of the criminal charges against Darcy. A conviction would have obviated any need for a lengthy hearing. During this time, the Division's major witness, one Sgt. Fracalossy, died.
Darcy nowhere indicates how he was prejudiced by the delay and death of Fracalossy. He states that he would have "definitely" called him, but he does not indicate "why."
Delay will not, generally, affect the validity of administrative decisions. 1 Davis, Administrative Law, § 8.08 at 548 (1958). Cf. Irish v. S.E.C., 367 F.2d 637 (9 Cir.1966); Gearhart and Otis, Inc., v. S.E.C., 121 U.S. App. D.C. 186, 348 F.2d 798 (1965). Here, the delay on its face was primarily to protect Darcy and was reasonable. No prejudice having been shown, the determination is unaffected thereby.
We affirm essentially for the reasons set forth in the decision rendered by Civil Service Commissioner Jack Ballan. The findings of fact therein are supported by substantial *463 and adequate evidence. The legal conclusions based thereon have been properly made. Under the limited scope of our judicial review, we may not upset a determination by the Commission "in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence, or that it violated legislative policies expressed or implicit in the civil service act." Campbell v. Dept. of Civil Service, supra, 39 N.J. at 562. No such showing has been made in this case.
The order and judgment of the Civil Service Commission are affirmed.