141 N.J. Super. 87 (1976)
357 A.2d 297
IN THE MATTER OF BERNARD GARBER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 6, 1976.
Decided April 23, 1976.
*89 Before Judges HALPERN, CRANE and MICHELS.
Mr. Frank J. Zinna argued the cause for appellant (Mr. James M. Piro, attorney).
Mr. William J. Stohler, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General, attorney for respondent; Mr. Richard M. Conley, Deputy Attorney General, of counsel).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant Bernard Garber appeals from an order of the Director of the Division of Motor Vehicles suspending his driving privileges for six months because of his refusal to submit to a breath chemical test following *90 his arrest for driving while under the influence of intoxicating liquor.
Defendant was arrested on June 11, 1973. The Director received a sworn report from the arresting officer of defendant's refusal to submit to a breath chemical test required by N.J.S.A. 39:4-50.2, and on July 25, 1973, sent defendant a notice of proposed suspension. Defendant requested a hearing and the Director set a hearing for September 19, 1973. Defendant's request for an adjournment was granted and the hearing was rescheduled for November 21, 1973, and again adjourned to January 22, 1974 because of the unavailability of the arresting officer.
The hearing officer found that the arresting officer had reasonable grounds to believe that defendant had operated a motor vehicle while under the influence of intoxicating liquor and recommended that defendant's driving privileges be suspended for six months. The findings and recommendations of the hearing officer were served upon defendant by letter dated April 18, 1974. Defendant submitted exceptions to the findings and recommendations on May 1, 1974. Thereafter, on May 14, 1975, approximately 12 months after the hearing officer made his findings and recommendations following the suspension hearing, the Director rendered his memorandum decision affirming and adopting the determination and recommendations of the hearing officer and entered an order on May 22, 1975 suspending defendant's driving privileges for six months effective May 27, 1975. Defendant appeals, and suspension of his driving privileges was stayed pending appeal.
We find no merit in defendant's claim that the administrative delay between the filing of the arresting officer's report of defendant's refusal to submit to a breath chemical test and the Director's decision was a violation of fundamental procedural fairness requiring a vacation of the Director's order suspending his driving privileges. In re Arndt, 67 N.J. 432 (1975), relied upon by defendant, is inapposite. There, the Supreme Court vacated a license suspension *91 because "the Division failed to institute the suspension proceedings within a reasonable time and * * * the proceedings as a whole were conducted with seriously unfair disregard of appellant's rights * * *." The court pointed out that N.J.S.A. 39:4-50.4 suggested a policy entitling an arrested motorist to have inchoate suspension proceedings pursued against him by the Director within a reasonable time after notification of refusal of a breath chemical test. 67 N.J. at 436. The Director there did not initiate the suspension proceedings for approximately 20 months after receipt of the notification that Arndt refused to take the test, and then did not decide the matter for another ten months. The court in effect held that these delays, taken together, violated principles of fundamental procedural fairness. The court did not hold, however, that the mere occurrence of a delay between the suspension hearing and the Director's decision constituted sufficient ground to overturn an otherwise valid determination. The general rule is to the contrary. Delay will not generally affect the validity of an administrative determination, particularly where no prejudice is shown. Ararat, Inc. v. N.J. Dept. Environ. Protection, 132 N.J. Super. 305, 309 (App. Div. 1975), certif. den. 68 N.J. 157 (1975); In re Darcy, 114 N.J. Super. 454, 462 (App. Div. 1971); 1 Davis, Administrative Law (1958), § 8.08 at 548. Cf. In re Emberton, 109 N.J. Super. 211, 215-216 (App. Div. 1970).
Here, unlike In re Arndt, supra, the Director promptly initiated the suspension proceedings and held the requested hearing. The only delay involved was the Director's delay of approximately 12 months in rendering his decision. We do not consider this delay to be unconscionable or harassing, and certainly defendant has not been prejudiced in any way by the delay. In fact, defendant has been permitted to drive during the entire period he was awaiting decision. Moreover, apparently content to wait out the decision since he still had his driving privileges, defendant failed to request an earlier decision. See Ararat, Inc. v. *92 N.J. Dept. Environ. Protection, supra; Irish v. Securities & Exchange Comm'n, 367 F.2d 637, 639 (9 Cir.1966), cert. den. 386 U.S. 911, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967).
There is certainly no justification for and we do not condone the Director's delay of approximately 12 months in deciding this matter. However, since there has been no showing of prejudice we hold the Director's decision to be unaffected and no substantial right of defendant violated by the mere delay.
We also find no merit in defendant's claim that the evidence did not support the Director's findings that the arresting officer had reasonable grounds to believe that he [defendant] was driving while under the influence of intoxicating liquor. We are satisfied from our study of the record that the Director's findings and determination in this regard are supported by substantial evidence. David v. Strelecki, 51 N.J. 563, 565 (1968), cert. den. 393 U.S. 933, 89 S.Ct. 291, 21 L.Ed. 2d 269 (1968); Atkinson v. Parsekian, 37 N.J. 143, 149 (1962).
Reasonable grounds means probable cause, which exists "if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." State v. Smith, 37 N.J. 481, 485 (1962). * * * In reaching the belief that an offense has been committed by the person arrested, the police are not limited to evidence admissible in a courtroom. State v. Cook, 47 N.J. 402, 414 (1966). Probable cause "is a commonsensible rather than a technical concept." Id. at 414. [In re Emberton, supra, 109 N.J. Super. at 214]
Defendant, who admittedly was operating his automobile, had been in an accident. When the arresting officer arrived at the scene he observed defendant standing near his automobile which was on the wrong side of the road. Defendant was standing with his feet wide apart to maintain his balance. The arresting officer detected an odor of alcohol on defendant's breath and observed that his eyes were bloodshot. Defendant also rambled as he spoke and fumbled *93 with his wallet when he attempted to produce his credentials. In the circumstances the Director was warranted in finding that the arresting officer had reasonable grounds to believe that defendant had been driving the automobile while under the influence of intoxicating liquor.
Accordingly, the order of the Director suspending defendant's driving privileges for six months is affirmed.