180 N.J. Super. 95 (1981)
433 A.2d 827
STATE OF NEW JERSEY, PLAINTIFF,
v.
VINCENT M. CARBONE, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
Decided January 20, 1981.
*96 Harry D. Norton, Jr., Assistant Prosecutor, for the State (Roger W. Breslin, Jr., Bergen County Prosecutor, attorney).
Thomas A. Maher, attorney, for defendant.
MADDEN, J.S.C.
Defendant Vincent M. Carbone is charged with the commission of five armed robberies at various banks between April 10, 1979 and July 3, 1979. During each of the bank robberies surveillance cameras were activated and took photographs of the alleged perpetrator. The photographs reveal an individual having a mustache and full beard, and wearing sunglasses. At *97 the time of his arrest Carbone had a mustache but no beard. Despite efforts by the State to obtain an identification of this defendant as the bank robber by witnesses at the scene, in only one of the robberies has any form of identification of this defendant by a witness been made.
Utilizing the bank surveillance photographs, however, the State has secured statements from a number of persons who knew Carbone at the time of the robberies that the person depicted in the photographs is Vincent Carbone. These persons include a boyhood friend of defendant who is presently a police officer, another policeman who was present at a wedding with defendant during the period of time immediately following the series of robberies, and other personal friends of defendant, all of whom were friendly and familiar with defendant at the time of the robberies. By way of pretrial memorandum, the State has alerted the court of its intent to offer into evidence the surveillance photographs and the testimony of these individuals that in their opinion the person in the photographs is defendant Vincent Carbone, notwithstanding that the individuals were not eyewitnesses to any of the robberies. The defense has filed a pretrial memorandum objecting to such evidence. I have conducted a hearing on this matter and decided to permit the State to introduce the photographs and testimony into evidence.
The issue before the court is a novel one in our jurisdiction and involves an interpretation of Evid. R. 56, which provides in pertinent part:
(1) If the witness is not testifying as an expert, his testimony in the form of opinion or inferences is limited to such opinions or inferences as the Judge finds (a) may be rationally based on the perceptions of the witness and (b) are helpful to a clear understanding of his testimony or to the determination of the facts in issue.
The question before me is whether this rule may be read so as to permit lay-witness testimony of personal photographic identification of a defendant before a jury by a person not a witness to a crime but with personal knowledge of and familiarity with a defendant's appearance at the time of the commission of the *98 offense charged where the defendant's appearance has changed since that time.
Although a matter of first impression in New Jersey, this same issue has been recently raised in a number of federal court opinions dealing with federal Evid. R. 701, which is identical to our own Evid. R. 56. Those cases have balanced the probative value of such evidence with the potential prejudice to defendant engendered by the possibility that such testimony will intrude upon the factfinding province of the jury as to the identification of the perpetrator.
For example, in United States v. Calhoun, 544 F.2d 291 (6 Cir.1976), the prosecutor introduced opinion testimony at defendant's bank robbery trial of defendant's parole officer who identified defendant as the bank robber based on bank surveillance photographs of the alleged robber. In that case the court noted that one who was intimately acquainted with the defendant at the time of the robbery might be in a better position than the jury to recall his appearance and compare it with the photographs, particularly where there is evidence (as in the case before me) that defendant's appearance had changed since the time of the robbery. 544 F.2d at 295. The court, however, in ruling that such evidence had been improperly admitted, rested its holding on the fact that due to the witness' position as defendant's parole officer, defendant had been denied his right to effective cross-examination, since a probing and uninhibited questioning as to the basis of and motive for the identification would have revealed the witness' position (which the jury did not know) and thus the highly prejudicial fact that defendant was a convicted felon on parole. Id. In the instant case such prejudice is not present; although two of the potential witnesses are police officers, their relationship with Carbone was a personal one, not related to their status as law enforcement figures.
In United States v. Butcher, 557 F.2d 666 (9 Cir.1977), at defendant's trial for bank robbery, the trial judge permitted the state to introduce the opinion testimony of two law enforcement *99 officials and defendant's parole officer, that defendant was the individual depicted in bank surveillance photographs of the alleged robber. Although all three witnesses had had contacts of varying lengths of time with defendant, all such contacts had ended four months prior to the robbery. See 557 F.2d at 667. The court concluded that the identification testimony did fall within the purview of federal Evid. R. 701. The court did, however, express concern over the potential prejudice of such evidence, suggesting that it be used only if no other adequate identification testimony is available to the prosecution. See 557 F.2d at 670.
A case more closely on point is People v. Perry, 60 Cal. App.3d 608, 131 Cal. Rptr. 629 (D.Ct.App. 1976), which also involved lay opinion testimony of witnesses familiar with defendant that the individual depicted in a film of an alleged bank robber was in fact the defendant. The appellate court noted that
The witnesses each predicated their identification opinion upon their prior contacts with defendant, their awareness of his physical characteristics on the day of the robbery, and their perception of the film taken of the events. Evidence was introduced that defendant, prior to trial, altered his appearance by shaving his mustache. The witnesses were able to apply their knowledge of his prior appearance to the subject in the film. Such perception and knowledge was not available directly to the jury. The opinions of the witnesses were sufficiently based upon personal knowledge to permit their introduction; the question of the degree of knowledge goes to the weight rather than to the admissibility of the opinion. [60 Cal. App.3d at 613, 131 Cal. Rptr. at 632].
The court concluded that the testimony was admissible under Cal. Evid. Code, § 800, which is virtually identical to federal Evid. R. 701 and our own Evid. R. 56.
The court went on to suggest that the issue of lay opinion photographic identification evidence was similar to nonexpert testimony on identity of handwriting, which was permissible.[1]Id. The court concluded that
The testimony does not invade the province of the trier of fact, but rather is submitted as an aid in the determination of the ultimate question of the identity *100 of the culprit and the defendant's guilt or innocence. [60 Cal. App.3d at 615, 131 Cal. Rptr. at 633].
I find the rationale of the Perry case persuasive, and I find further that this case and Perry are factually indistinguishable. I find, further, that the proposed testimony suffers from none of the defects evident in the Calhoun and Butcher cases, such as limits on cross-examination or lack of familiarity with defendant's appearance at the time of the robberies.
Finally, I find the lack of any available eyewitness identification and the change of defendant's appearance since the time involved as crucial factors in my determination. Accordingly, I will permit the State to introduce the testimony.
NOTES
[1] As it is in our jurisdiction. See, e.g., In Re Darcy, 114 N.J. Super. 454 (App.Div. 1971).