JOSEPH M. DAVID, DEFENDANT-RESPONDENT, v. JUNE STRELECKI, DIRECTOR OF DIVISION OF MOTOR VEHICLES, STATE OF NEW JERSEY, PLAINTIFF-APPELLANT.

Argued April 23, 1968.—Decided May 20, 1968.

*Mr. Joseph A. Hoffman,* First Assistant Attorney General, argued the cause for plaintiff-appellant (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Virginia Long Annich,* Deputy Attorney General, of counsel and on the brief).

*Mr. Patrick T. McGahn, Jr.* argued the cause for defendant-respondent.

The opinion of the court was delivered

PER CURIAM. The facts of this case are set forth in the majority and dissenting opinions in the Appellate Division. 97 *N. J. Super.* 360 and 375 (1967).

We agree with the dissenting opinion of Judge Carton that the Appellate Division majority improperly weighed the evidence in the case, thereby exceeding the appellate court's limited function of determining whether the administrative finding was based on substantial evidence in the record as a whole. *Atkinson v. Parsekian,* 37 *N. J.* 143, 149 (1962). Substantially for the reasons set forth in Judge Carton's opinion, we reverse the judgment of the Appellate Division and remand the matter to the Director of Motor Vehicles with instructions to impose a suspension consonant with the Director's valid finding that David operated his automobile in a careless manner and failed to keep to the right hand side of the roadway. As noted in the dissenting opinion, the Director should modify so much of the penalty as may rest upon the rejected finding that David's consumption of alcoholic beverages affected his ability to operate the motor vehicle safely.

In the circumstances of this case, we think it appropriate that this Court expressly state its view on the applicability of the doctrine of *Miranda v. State of Arizona,* 384 *U. S.* 436, 86 *S. Ct.* 1602, 16 *L. Ed. 2d* 694 (1966) in suspension or revocation proceedings before the Director of Motor Vehicles pursuant to *N. J. S. A.* 39:5–30. We are satisfied that the *Miranda* rule is not constitutionally

compelled in proceedings where no *punitive sanctions* are to be imposed. Although it is clear that a driver appearing before the Director of Motor Vehicles in a suspension. or revocation proceeding is entitled to those "incidents of fairness which underlie procedural due process," *Bechler v. Parsekian,* 36 *N. J.* 242, 256 (1961), it is equally clear that the special rules attaching to criminal proceedings do not extend to administrative hearings of this nature. *Helvering v. Mitchell,* 303 *U. S.* 391, 58 *S. Ct.* 630, 82 *L. Ed.* 917 (1938); 1 Davis, *Administrative Law* § 2.13 (1958). The statutory purpose of the proceeding before the Director is not to punish the driver for infractions of the Motor Vehicle Act—that function is left to the courts. It is settled that, although the suspension or revocation of his operator's license may inconvenience the driver, "the primary object . . . is to foster safety on the highway and not to impose criminal punishment to vindicate public justice." *Atkinson v. Parsekian, supra,* 37 *N. J.,* at *p.* 155. The action rests on a determination "that the highway would be a safer place for the public if the violator were removed as a driver for some period of time." *Ibid.* Compare, *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania,* 380 *U. S.* 693, 85 *S. Ct.* 1246, 14 *L. Ed.* 2d 170 (1965), where a proceeding for the forfeiture of an automobile used in transporting illicit liquor was held to be *quasi*-criminal because the forfeiture was designed to be a *penalty* for the violation of a criminal statute. The decision announced in *Miranda* by its terms deals with a problem of "criminal jurisprudence" (*supra* 384 *U. S.,* at 439, 86 *S. Ct.,* at *p.* 1609, 16 *L. Ed. 2d,* at *p.* 704), and in no way mandates the extension of the exclusionary doctrine to administrative proceedings completely divorced from concepts of criminal law.[1] We

---

[1] It is to be noted that the purposes of the *Miranda* decision were fulfilled here since the State was not permitted to use David's statements to impose criminal sanctions upon him under an indictment for the crime of causing death by automobile. *N. J. S.* 2A :113-9. See *Mathis v. United States,* 390 *U. S.* —, 88 *S. Ct.* 1503, 20 *L. Ed. 2d* 381 (1968).

therefore hold that any voluntary relevant statement of a licensee may be used by the Director in determining whether highway safety requires the suspension or revocation of the license to operate a motor vehicle in this State.

Because our decision here is based upon the absence of punitive sanctions in these proceedings, we do not express a view on the question discussed in the Appellate Division dissenting opinion herein, 97 *N. J. Super., supra*, at *p.* 381, whether the application of *Miranda* depends upon the presence or absence of custodial sanctions. The United States Supreme Court has not ruled that the *Miranda* doctrine necessarily applies to all punitive proceedings without regard to the minor nature of the penalty to be imposed, *e. g.*, traffic violations. In accord with traditional principles, we do not reach this constitutional issue since its resolution is not required for the disposition of the matter before us. See *State v. Zucconi*, 50 *N. J.* 361, 364 (1967) where this very question was left open; see also *State v. Baird*, 50 *N. J.* 376, 380 (1967).

The judgment of the Appellate Division is reversed and the matter is remanded to the Director of Motor Vehicles for a review of the penalty imposed in the light of this opinion.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For affirmance*—None.