109 N.J. Super. 211 (1970)
262 A.2d 899
IN THE MATTER OF THE REVOCATION OF THE DRIVING PRIVILEGES OF GRACE R. EMBERTON BY THE NEW JERSEY DIVISION OF MOTOR VEHICLES.
STATE OF NEW JERSEY, RESPONDENT,
v.
GRACE EMBERTON, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 1970.
Decided March 16, 1970.
*213 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. William V. Kennedy argued the cause for appellant (Messrs. Colquhoun & Pollock, attorneys).
Mr. Gary D. Rosenberg, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of Counsel).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant Grace Emberton appeals from an order entered by the Director of the Division of Motor Vehicles which suspended her driver's license for six months, pursuant to N.J.S.A. 39:4-50.4, for her refusal to submit to the chemical breath test required by N.J.S.A. 39:4-50.2.
*214 In a hearing under N.J.S.A. 39:4-50.2 et seq., the issues are whether (1) the arresting officer had reasonable ground to believe that defendant had been driving or was in actual physical control of the vehicle on a public highway or quasi-public place while under the influence of intoxicating liquor, (2) she was placed under arrest, and (3) she refused to submit to a breath test upon the request of the officer. The Director, upon the evidence, found an affirmative answer to each of the above statutory inquiries.
Defendant challenges only the first finding. She argues that since the evidence does not support the determination that the arresting officer had reasonable grounds to believe that she committed the conduct set forth in the statute, her arrest was invalid. The point lacks merit.
Reasonable grounds means probable cause, which exists "if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." State v. Smith, 37 N.J. 481, 495 (1962). The fact that some of the officer's information was hearsay does not deprive it of probative efficacy in establishing probable cause. State v. Doyle, 42 N.J. 334, 350 (1964). Particularly, is this so if the hearsay is "coupled with something to give it credit." State v. Burnett, 42 N.J. 377, 387 (1964). In reaching the belief that an offense has been committed by the person arrested, the police are not limited to evidence admissible in a courtroom. State v. Cook, 47 N.J. 402, 414 (1966). Probable cause "is a commonsensible rather than a technical concept." Id., at 414.
Under the totality of the circumstances here present we find that the proofs adequately support the Director's finding of a reasonable belief on the part of the arresting officer that the offense had been committed by defendant. The officer received a radio call at or about 5:20 P.M. on the day in question, June 14, 1967, to go to a scene of a traffic accident near the corner of Broad and Baldwin Streets, Bloomfield. Upon arriving he found a 1960 Pontiac, half *215 of which was on the sidewalk and the remaining half in the parking space of a small dirt parking area. The officer discovered a dent in the rear trunk of the vehicle. From the people standing about he ascertained that a woman, who had come out of the car, had walked to the corner of the two streets, turned to the right and disappeared. Upon radioing the license plate number to headquarters, the officer further found out that the registered owner of the vehicle was defendant and that she resided at 417 Broad Street, Bloomfield.
The officer thereupon went to defendant's nearby apartment. On the way up the stairs he found two shoes and a tube of lipstick. Upon entering he found two women, one of whom was defendant. She was crying, her hair was awry and her coat was half on and half off. Additionally, she was shouting, had the smell of alcohol on her breath and was unable to hold an intelligent conversation. When asked where she had been, what she had been doing and where she had parked her car, she merely indicted the police force in general for the kind of job they were doing. She did not deny that she had been operating her vehicle at the time and place here involved. The officer then took her into custody, with the result first noted above.
Defendant next asserts that the Director abused her discretion in allowing two years to elapse between the date of the hearing and the date when the Director filed her memorandum decision and entered the order of suspension. The hearing in the Division was held on August 14, 1967, the decision was filed on July 1, 1969 and the order of suspension was filed September 12, 1969. Although we do not approved of the delay and recommend that in the future such delays be eliminated, we find no merit to the argument that the delay per se amounts to a mistaken exercise of discretion on the Director's part. Defendant suffered no prejudice thereby. The record does not disclose whether she was convicted of the substantive offense of operating her automobile while under the influence of intoxicating *216 liquor (N.J.S.A. 39:4-50). If she was, her license was probably revoked during the two-year period of which she now complained. If she wasn't, she had the benefit of her license during that time. In either event, the imposition of a six-months suspension for refusal to submit to the test, is mandatory. N.J.S.A. 39:4-50.4. Moreover, if there was a conviction for driving under the influence, then the six months suspension for the refusal to take the test would have to be imposed independent of and consecutive to any suspension imposed by virtue of the drunken driving conviction. Bean v. Strelecki, 101 N.J. Super. 310 (App. Div. 1968).
Finally, defendant contends that the aforesaid two-year time interval is a denial of her right to a "speedy trial," as provided by the Sixth Amendment to the United States Constitution. This contention is without merit. The Sixth Amendment specifically refers to "criminal prosecutions" and to the commission of a "crime." Further, the statutory purpose of the proceeding before the Director is not to punish the driver for infractions of the Motor Vehicle Act  that function is left to the courts. The primary object is to foster safety on the highway. David v. Strelecki, 51 N.J. 563, 566 (1968). Thus, it is clear that the special rules attaching to criminal proceedings do not extend to administrative hearings of this nature. Id., at 566.
However, even assuming that the constitutional guarantee of a speedy trial extends to this departmental hearing, defendant is precluded from legally asserting a violation of that right. She was given a speedy hearing  two months after the offense. Further, during the following two years she never demanded that the Director make a decision and impose a suspension, in the event she was found guilty. Therefore, she is deemed to have waived her right to a speedy trial. See State v. Hulsizer, 42 N.J. Super. 224, 228 (App. Div. 1956).
Judgment affirmed.