581 P.2d 234

Thomas William BARRETT, Appellant,

v.

Philip THORNEYCROFT, Superintendent of Arizona State Motor Vehicle Department, Appellee.

No. 13579.

Supreme Court of Arizona, In Division.

June 14, 1978.

Rehearing Denied July 18, 1978.

Ducey, Moore, Petsch, Robinson & Bennett by William F. Bennett, Scottsdale, for appellant.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen., by Paul S. Harter, Asst. Atty. Gen., Phoenix, for appellee.

HAYS, Justice.

Appellant Thomas William Barrett refused to take the "breathalyzer" test to determine the alcoholic content of his blood after he was arrested for being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The arresting officer notified the Arizona Highway Department, Drivers License Service, of appellant's arrest and refusal to take the breath test. Upon the basis of the affidavit presented by the officer, the State Motor Vehicle Department suspended the driver's license of appellant for six months pursuant to A.R.S. § 28–691(D). A hearing was held pursuant to A.R.S. § 28–691(E), and the suspension was upheld. The suspension was then challenged at a trial in the Superior Court of Maricopa County under authority of A.R.S. § 28–691(F). The trial court affirmed the suspension, and appellant appealed to the Court of Appeals. The Supreme Court has jurisdiction under 17A A.R.S. Supreme Court Rules, rule 47(e).

At approximately 2:15 P. M. on April 2, 1975, a Paradise Valley marshal received a radio dispatch indicating that a black Cadillac was southbound on Tatum Boulevard, that the driver appeared to be intoxicated, and that a private security officer was following the Cadillac. This marshal received a second radio call a few minutes later telling him that the vehicle was now on Lincoln Drive and had pulled off the road across from the Camelback Inn. The information in both these calls had been relayed to the dispatcher by Bogard, a private security officer who had been called by a resident of the Clearwater Hills subdivision to remove appellant from her home. Noting that appellant appeared to be intoxicated at that time, Bogard helped appellant from the residence and offered to give him a ride home. Appellant refused this offer, got into his car, and drove erratically until he pulled off of Lincoln Drive and stopped.

Bogard followed appellant but did not apprehend him. Bogard joined the Paradise Valley officer at appellant's car within a few seconds of the officer's arrival.

The officer noted that the car was running and the keys were in the ignition, but appellant was slumped over the steering wheel, and he had to be shaken before he "woke up." After arresting appellant, the officer spoke to Bogard regarding what appellant had done prior to the officer's arrival.

At the time of the arrest, appellant's car was on an unpaved area used as a parking lot by two small shops. There was testimony that the left front bumper of appellant's car was no further than six inches off the pavement of Lincoln Drive.

Appellant claims that since he was arrested for a crime which occurred on private property, the implied consent law (A.R.S. § 28–691) under which his driver's license was suspended for failure to take the breathalyzer, is inapplicable. Appellant interprets A.R.S. § 28–691 to permit suspension of driver's licenses for refusal to take the breathalyzer only when the offense for which one is arrested occurred while the person was operating a motor vehicle upon the public highway. Appellant is raising a question of first impression, for this particular aspect of A.R.S. § 28–691 has never been interpreted by our court; other states with similar statutes apparently have not yet ruled on an argument similar to appellant's. We are aware of *Application of Hendrix*, 539 P.2d 1402 (Okl.App.1975), but we are not persuaded by the Oklahoma court's interpretation of their implied consent statute; we think that the differences in the language of the Arizona and Oklahoma statutes are significant and justify our refusal to follow *Hendrix, supra.* We believe that A.R.S. § 28–691 clearly authorizes the suspension of appellant's license. Because this statute has been amended recently, all quotations will be from the statute as it existed at the time of appellant's arrest. The applicable section provides:

"A. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of § 28–692, to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. . . ." A.R.S. § 28–691

Thus, the implied consent statute applies to anyone "who operates a motor vehicle upon the public highways of this state . . [and who is] arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor." The statute does not extend just to persons arrested for offenses committed upon the public highways, and the statute clearly reaches appellant in this case.

There is one limitation to the implied consent of the statute; the statute is only operative when a law enforcement officer has "reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor." The statute does not say that the officer must have witnessed the person's behavior upon the public highways. The officer is only required to have reasonable grounds to believe that the person has been driving, or in actual physical control of, a motor vehicle upon the public highways while under the influence of intoxicating liquor. The officer has reasonable grounds for such a belief if the officer has knowledge of facts and circumstances which would warrant the same belief in a prudent person. *See In re Emberton*, 109 N.J.Super. 211, 262 A.2d 899 (1970).

Although the officer did not see appellant upon the highway, the information he obtained from Bogard, and circumstantial evidence such as the location of the car, its position, appellant's position in the car, the keys in the ignition, the fact that the car was appellant's, and that its engine was running, all provided reasonable grounds for the officer's believing that appellant had been driving, or had been in actual physical control of, a motor vehicle on the public highway. Consequently, the implied consent statute was properly applied to appellant.

Appellant suggests that A.R.S. § 28–691(E) somehow buttresses his argument that the implied consent statute covers only those arrested for an offense committed upon the public highway. A.R.S. § 28–691(E) provides:

"E. The department shall immediately notify the person named in the affidavit in writing of the action taken pursuant to this section and, upon his request in writing received within fifteen days after receiving the notice, shall afford him an opportunity for a hearing in the same manner and under the same conditions as provided in subsection B of § 28–446 for notification and hearings in the cases of discretionary suspension of licenses. Such request shall also operate to stay the suspension by the department until a hearing is held. The scope of such hearing for the purposes of this section shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under arrest, and whether he refused to submit to the test. If the department determines at the hearing of the matter to suspend the affected person's privilege to operate a motor vehicle, the suspension herein provided shall become effective fifteen days after giving written notice thereof, provided, however, that the department may require the surrender to it of the person's

license or permit to drive and may issue a temporary license, which will expire on the effective date of the suspension."

We cannot see that this section of the statute changes in any way our interpretation of the applicability of the implied consent law.

■ Appellant also contends that the suspension of his driver's license was improper because the arresting officer's affidavit submitted to the Highway Department was defective and deficient. Appellant urges that A.R.S. § 28–691(D) supports his position. This statute provides:

"D. If a person under arrest refuses to submit to a chemical test designated by the law enforcement agency as provided in subsection A, none shall be given. The department, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds *to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test,* shall suspend for a period of six months his license or permit to drive, or any nonresident operating privilege. . . ." (Emphasis added)

The affidavit was a form provided by the Arizona Highway Department. The officer filled out the form and then swore before a notary that the information in the form was correct. Printed in the form were the statements:

"I had reasonable cause to believe the person arrested had been driving a motor vehicle upon a highway while under the influence of intoxicating liquor. Among the actions which led me to that belief were:

"1. The arrestee's driving behavior and the details of the pursuit and apprehension are as described: (or as described on the attached report which is incorporated herein by this reference):" [this was followed by blank lines upon which the officer could write the de-

scription of behavior and other appropriate details.]

Appellant complains that the officer had merely written "see report" upon the blank lines following "1" and that the officer testified that he did not remember attaching the police report to the affidavit. A.R.S. § 28–691(D) does not require that the officer set forth in his affidavit to the Highway Department the details upon which he based his belief that the person arrested had been driving a motor vehicle upon a highway while under the influence of intoxicating liquor. The statute merely requires that the officer swear that he had reasonable grounds to reach the conclusion set forth in A.R.S. § 28–691(D), *supra*. The factual basis of the officer's belief should be introduced and examined at the hearing provided by A.R.S. § 28–691(E). Although appellant has not raised a due process question, we note that the total statutory scheme under which appellant's license was suspended is consistent with due process. See A.R.S. § 28–691 and *State v. Parra*, 119 Ariz. 201, 580 P.2d 339 (1978).

Finally, appellant urges that the officer's affidavit is defective because it does not list appellant's correct driver's license number. On the affidavit, appellant's license number is listed as I 204719; appellant says that his license number was I 204179. Under the facts of this case we find that the argument has no merit. Appellant does not even suggest that he was not the person involved in the incident which led to the suspension of his license. Since there is no problem of misidentification of the person whose license is to be suspended, we do not find the transposition of the driver's license numbers on the affidavit to be reversible error. *See Campbell v. Superior Court*, 111 Ariz. 71, 523 P.2d 502 (1974).

The judgment of the trial court and the suspension of appellant's driver's license are affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.