701 P.2d 10

**Dorothy G. WILLIS,**
**Plaintiff/Appellant,**

v.

**STATE of Arizona, Defendant/Appellee.**

**No. 2 CA–CIV 5208.**

Court of Appeals of Arizona,
Division 2, Department A.

April 3, 1985.

Robert S. Wolkin, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Richard Kamps, Phoenix, for defendant/appellee.

## OPINION

BIRDSALL, Presiding Judge.

This appeal is from a review of a decision of the Motor Vehicle Division of the Arizona Department of Transportation by the superior court under the Administrative Review Act, A.R.S. §§ 12–901 to 914. The appellant's driver's license was suspended for refusal to submit to a test under the implied consent law, A.R.S. § 28–691 (Supp.1984). The hearing officer for the division found that there was sufficient evidence to suspend the license and made findings and conclusions in support of this decision. The superior court was limited to a review of the record before the agency and if there was competent evidence to sustain the decision it was obligated to affirm. *Arizona Department of Economic Security v. Lidback*, 26 Ariz.App. 143, 546 P.2d 1152 (1976). The agency proceeding and the review were civil in nature and the state's burden of proof was by a preponderance of the evidence. See

*Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971). The trial court affirmed the suspension.

The issues presented on appeal are whether:

1) The state failed to comply with A.R.S. § 28–691(D) and § 28–1062 in violation of constitutional due process,

2) The finding of actual physical control of the vehicle had evidentiary support,

3) The finding that the appellant refused was supported by evidence, and was legally correct.

We affirm.

Officer Jon Heiden was the arresting officer. He was dispatched at 2:05 a.m. to the scene of a one-vehicle accident at Oracle and River Roads in Tucson, which had been reported by Officer Dave Hock. The appellant was in Hock's vehicle when Heiden arrived. Her vehicle had collided with the median and had been found by Hock in one quadrant of the intersection with the appellant sitting behind the wheel. Neither officer saw the appellant driving the car and neither saw the accident. The appellant almost fell down (she had to be supported) when she exited Officer Hock's vehicle and had other signs of intoxication, including alcohol odor and bloodshot, watery eyes. She was taken to the police station for a breath test and was given all the necessary warnings. She was permitted to talk to her attorney by phone. However, she never took the test. She was there for about one hour and was asked about a dozen times whether she would take the test and repeatedly answered that maybe she would and maybe she would not. The officer finally concluded this was a refusal.

A.R.S. § 28–691(D) (Supp.1984) provides, in part:

"If a person under arrest refuses to submit to a test designated by the law enforcement agency as provided in subsection A of this section, none shall be given except pursuant to § 28–692, subsection M. The department, upon the receipt of a report, certified and subject to the penalty for perjury as prescribed by § 28–1062, that there are reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor and that the person had refused to submit to the test, shall suspend for a period of twelve months his license or permit to drive, or any nonresident operating privilege."

The report of Officer Heiden satisfied these requirements. The report stated: "I had reasonable cause to believe the person arrested had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. Among the actions which led me to that belief were: Ofc. D. Hock $10866 found Willis sitting behind the steering wheel of her car. There was evidence that an accident occurred prior."

■ The reference in the statute to A.R.S. § 28–1062 does not add an additional requirement to that already set forth in § 28–691, to-wit, that the officer must also say that he "believes" as well as that "there are reasonable grounds to believe." The reference is for the sole purpose of making a false certification perjury regardless of whether or not the report is made under oath.

■ Furthermore, it is well established that the officer's report, as in this case, may be based on circumstantial evidence. *Barrett v. Thorneycroft,* 119 Ariz. 389, 581 P.2d 234 (1978); *Erickson v. City Court,* 105 Ariz. 19, 458 P.2d 953 (1969). The circumstantial evidence here was sufficient to support a finding that the appellant was driving the car. It was early morning, the car had hit the median, no one else was present, and she was behind the wheel. This is not a situation like *State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983), where the evidence tended to show the driver had pulled off the highway to "sleep it off."

■ The finding of refusal to take the test also had sufficient evidentiary basis.

The officer was justified in believing that the appellant had manifested an unwillingness to take the test after being asked twelve times. See *Campbell v. Superior Court,* supra.

 In her last argument on appeal, the appellant seizes upon the use of the word "prudent" by our supreme court in *Barrett,* supra. There, in discussing the standard under the implied consent law, the court said, "The officer has reasonable grounds for such a belief if the officer has knowledge of facts and circumstances which would warrant the same belief in a *prudent* person." 119 Ariz. at 391, 581 P.2d at 236 (emphasis added). The hearing officer's conclusion concerning Officer Heiden's belief was that "[a] refusal occurs when a *reasonable* person in the position of the officer believes...." (emphasis added). This language was consistent with the standard set forth in *Campbell,* supra. We do not believe the supreme court intended to create a higher standard by use of the word "prudent" in *Barrett.* Rather we believe, as used by our supreme court, and in view of the reasoning in each case, that the two words were used synonymously despite any dictionary differences.

The evidence before the hearing officer was sufficient to support the factual findings. The legal conclusions are supported by those findings and the suspension was authorized under the statute.

We affirm.

HOWARD and FERNANDEZ, JJ., concur.