706 P.2d 756

**Jose P. SMITH, Plaintiff/Appellee,**

**v.**

**ARIZONA DEPARTMENT OF TRANS-PORTATION, Defendant/Appellant.**

**No. 2 CA–CIV 5388.**

Court of Appeals of Arizona,
Division Two, Department A.

Sept. 11, 1985.

Keller & Postero by Peter B. Keller, Tucson, for petitioner/appellee.

Robert K. Corbin, Atty. Gen. by Samuel Ruiz, Phoenix, for defendant/appellant.

## OPINION

HOWARD, Judge.

This appeal is from a review of a decision of the Motor Vehicle Division of the Arizona Department of Transportation by the superior court under the Administrative Review Act, A.R.S. §§ 12–901 to 12–914. A hearing was held before a hearing officer for the division who held that there was sufficient evidence to suspend appellee's driver's license. Appellee appealed the suspension to the Pima County Superior Court which reversed, holding that there was not substantial evidence in the administrative record to support appellant's conclusion that reasonable grounds existed to believe that appellee was operating a motor vehicle while under the influence of alcohol or that appellee refused to take the requested test. We do not agree with the trial court and reverse.

The record before the hearing officer discloses that at 1:14 a.m. on November 30, 1983, appellee stopped his vehicle at a signalized street intersection. There were two vehicles stopped at the opposite side of the intersection. When the traffic signal changed, appellee started to make a left turn in front of those two vehicles. He stopped his vehicle in an opposing traffic lane and the two opposing vehicles, which had also started into the intersection, had to stop or drive around appellee's vehicle in order to avoid a collision. This was all observed by a motorcycle officer who followed and stopped appellee's vehicle.

Upon approaching appellee's vehicle, the officer noticed appellee had a stuporous appearance. A mild odor of alcohol was detectable on appellee's breath over a strong odor from a throat lozenge. Appellee admitted that he had been drinking. His eyes were watery and bloodshot and his pupils had a poor reaction to light. When appellee was asked for his driver's license, he fumbled through his wallet and after about 25 seconds he produced a University of Arizona identification card. Appellee then fumbled through his wallet again and after approximately another 25 seconds he produced an Arizona driver's license.

The officer asked appellee to perform several tests on a level sidewalk. When appellee was asked to count backwards from 60 to 40 with his eyes closed, he opened his eyes at one point and at another point repeated several numbers. He also continued to count beyond 40 even though he had been instructed to stop at 40. During this test appellee weaved back and forth.

Appellee was asked to balance on one leg for 30 seconds, with his arms straight down on his sides and his other foot approximately 6 inches off the ground. Appellee put his arms out for balance, he weaved from side to side and had difficulty maintaining his balance.

Appellee was asked to do a finger to nose test by repeatedly touching a finger to the tip of his nose with the hand requested by the officer. Rather than touching the tip of his nose, appellee touched between his nostrils. The officer requested that appellee touch his nose three times with his left hand followed by his right. Appellee did this. When the officer switched his instructions by requesting that appellee touch his nose with his right hand then his left hand, appellee used his left hand then his right hand instead. Appellee also weaved back and forth during this test.

Appellee was asked to touch each of the fingers of his hand with the thumb of his hand four times. He did it five times. Appellee was asked to write out the alphabet, the even numbers from 0 to 30 and the date, time and his signature. He did this although the officer had to repeat his instructions after each operation.

Prior to performing the tests, appellee asked the officer if he could give him the keys to his automobile and walk away.

The officer told him that this could not be done and that he had to perform a sobriety test.

Based on the foregoing, the officer arrested appellee for driving while under the influence of intoxicating liquor. Appellee was asked to submit to a breath test to determine the alcoholic content of his blood. He was informed that a refusal to submit to this test would result in the suspension of his driver's license. At 1:30 a.m. appellee responded that he would take the test. Then, at 1:50 a.m. he stated that he would not. For more than 30 minutes he was repeatedly asked to take the test. He stated that he did not know if he would take the test and that he needed time to think about it. Appellee was told that unless he expressly agreed to take the test he would be treated as having refused the test. Appellee never took the test although he was asked to do so five times.

■ The superior court was limited to a review of the record before the agency and if there was competent evidence to sustain the decision it was obliged to affirm. *Willis v. State*, 145 Ariz. 302, 701 P.2d 10 (1985). The agency proceeding and the review are civil in nature and the state's burden of proof is by a preponderance of the evidence. *Willis v. State*, supra. When an administrative decision is appealed to the superior court, the court may not substitute its own judgment for that of the administrative agency. *Arizona Department of Economic Security v. Lidback*, 26 Ariz.App. 143, 546 P.2d 1152 (1976). If two inconsistent factual conclusions could be supported by the record, then there is substantial evidence to support an administrative decision that elects either conclusion. *Webster v. State Board of Regents*, 123 Ariz. 363, 599 P.2d 816 (App.1979). In order to reverse an agency's decision, the reviewing court must find that there was no substantial evidence to support the agency's decision. *DeGroot v. Arizona Racing Commission*, 141 Ariz. 331, 686 P.2d 1301 (App.1984).

■ The trial court violated all of the tenets which we have previously set forth.

Furthermore, A.R.S. § 28–691(A) only requires the law enforcement officer to have *reasonable grounds* to believe the person to have been driving while under the influence of intoxicating liquor in order to administer the chemical test. It does not require the division to show that the operator was in fact under the influence. In other words, only probable cause is necessary. Only the probability and not a prima facie showing of intoxication is the standard for probable cause. There was clearly enough evidence for probable cause in this case.

■ The trial court was also of the opinion that appellee did not refuse to take the test within the meaning of A.R.S. § 28–691(B) because the officer never set a time limit within which he had to consent to take the test. This reasoning is fallacious.

In *Willis v. State*, supra, the driver, for about one hour, was asked about a dozen times whether she would take the test and she repeatedly answered that maybe she would and maybe she would not. The officer finally concluded that this was a refusal. We held that the officer was justified in interpreting the driver's answers as a refusal. The same is true here. The defendant cannot keep equivocating, hoping that in the meantime his blood alcohol content will go down. As was stated in the case of *State v. Pandoli*, 109 N.J.Super. 1, 262 A.2d 41 (1970):

> "[A]nything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. The occasion is not one for debate, maneuver or negotiation, but rather for a simple 'yes' or 'no', to the officer's request." 262 A.2d at 42.

The decision of the trial court is reversed with instructions that it enter a judgment affirming the decision of the hearing officer.

BIRDSALL, P.J., and HATHAWAY, J., concur.