889 P.2d 28

Cary D. PEARSON, Plaintiff–Appellant,

v.

MOTOR VEHICLE DIVISION, Arizona DEPARTMENT OF TRANSPORTATION, Defendant–Appellee.

No. 1 CA–CV 94–0140.

Court of Appeals of Arizona,
Division 1, Department C.

Jan. 12, 1995.

Reconsideration Denied Feb. 1, 1995.

Grant Woods, Atty. Gen. by Peter C. Gulatto, Asst. Atty. Gen., Phoenix, for defendant-appellee.

Mark S. Whitney, Mesa, for plaintiff-appellant.

## OPINION

VOSS, Judge.

Appellant Cary D. Pearson appeals the superior court's judgment affirming the suspension of his driver's license by the Arizona Department of Transportation Motor Vehicle Division (ADOT). We have jurisdiction pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 12–120.21(A)(1) (1989) and affirm.

## FACTS AND PROCEDURAL HISTORY

On the night of December 30, 1992, an Arizona Department of Public Safety officer observed Appellant's vehicle fail to yield the right of way when pulling out of a parking lot, causing other vehicles to take evasive action. The vehicle then proceeded down the street, weaving in traffic. This prompted the officer to make a traffic stop. Once Appellant's vehicle was stopped, the officer observed Appellant and the passenger lean forward inside the vehicle. The officer approached Appellant and asked what he was doing while leaning forward. Appellant responded that he was hiding the beer. The officer smelled liquor on Appellant's breath and Appellant admitting having consumed between eight and ten drinks. After Appellant stepped out of the vehicle, the officer observed Appellant to be unsteady on his feet. Appellant then refused to take a field sobriety test, and he was arrested and transported to the East Valley Task Force DUI command post.

At the command post, the officer read the DUI Implied Consent Affidavit to Appellant and then asked him to take a breath intoxilyzer test. Appellant refused. The officer informed him that refusing to take the test would result in a suspension of his driver's license for twelve months. Appellant still refused to take the breath intoxilyzer test.

As a result, the officer suspended Appellant's driver's license and required him to surrender it. The officer then filled out a certified report, which later was filed with ADOT, stating:

> On [December 30, 1992, at 10:55 p.m.] ... I had reasonable grounds to believe the person named had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor or drugs. Among the actions which led me to that belief were: *failed to yield from a private drive, weaving from left to right in traffic.* (Emphasis added.)

The report gave Appellant notice that he could request a hearing within fifteen days. Appellant timely requested a hearing.

At the hearing, Appellant challenged the suspension of his license. He argued that the report did not comply with A.R.S. section 28–691(D) (1989) because it failed to set forth reasonable grounds to believe that Appellant was driving under the influence of intoxicating liquor. The hearing officer rejected Appellant's argument and concluded that the observations *contained in the report and presented in the hearing* constituted reasonable grounds to believe that Appellant was driving under the influence of liquor. The suspension of Appellant's driver's license was affirmed.

Appellant filed a Petition for Judicial Review of Final Administrative Decision to superior court, which affirmed the suspension. On appeal to this court, Appellant argues that the superior court misinterpreted and incorrectly applied A.R.S. section 28–691(D).

## STANDARD OF REVIEW

■ Statutory interpretation involves a question of law. *Siegel v. Arizona State Liquor Bd.,* 167 Ariz. 400, 401, 807 P.2d 1136, 1137 (App.1991). Our review, therefore, is de novo. *Blum v. State,* 171 Ariz. 201, 204, 829 P.2d 1247, 1250 (App.1992).

## DISCUSSION

■ Appellant argues that because the report described observations concerning only the vehicle and not about Appellant's condition, it did not contain reasonable grounds to believe that he was operating a vehicle under the influence of intoxicating liquor or drugs. Therefore, Appellant concludes that the report did not comply with the requirements of A.R.S. section 28–691(D). We agree.

A.R.S. section 28–691 provides:

D. If a person under arrest refuses to submit to the test designated by the law enforcement agency ... none shall be given.... However, the law enforcement officer directing administration of the test shall file a certified report of the refusal with [ADOT] and serve, on behalf of [ADOT], an order of suspension on the person which is effective fifteen days after that date.... The officer shall forward the report of refusal ... to the motor vehicle division [of ADOT] within five days after the issuance of the notice of suspen-

sion. *The certified report . . . shall state the officer's reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs. . . .*

. . . .

G. A timely request for a hearing also operates to stay the suspension until a hearing is held. . . . The scope of the hearing for the purposes of this section shall include only the issues of *whether a law enforcement officer had reasonable grounds to believe* the person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs. . . .

(Emphasis added.)

As a threshold matter, we recognize that this statute was amended in 1987.[1] Prior to the 1987 amendment, suspensions were made by ADOT after receiving reports from law enforcement officers. Once amended, however, the statute empowered officers to suspend licenses at the time drivers refused to take drug or liquor tests. Thus, the legislature intended to promptly suspend the licenses of drivers who did not consent to drug or liquor tests. *See* Minutes of Arizona State Senate Committee on the Judiciary, H.B. 2273, at 14–16 (April 7, 1987) *cited in Schade v. Department of Transp.*, 175 Ariz. 460, 462, 857 P.2d 1314, 1316 (App.1993). As part of this expedited process, the legislature also amended A.R.S. section 28–691(D) so that certified reports are *required* to "state the officer's reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs. . . ." A.R.S. § 28–691(D). Although the plain language of the statute makes it mandatory that the report contain reasonable grounds, it stops short of requiring that the report list *all* reasonable grounds. Therefore, at issue here is whether the certified report contained reasonable grounds to believe that Appellant was driving his vehicle under the influence of drugs or liquor.

The Arizona Supreme Court has defined "reasonable grounds" as "facts and circumstances which would warrant the same belief in a prudent person." *See Barrett v. Thorneycroft*, 119 Ariz. 389, 391, 581 P.2d 234, 236 (1978). Moreover, this court has added that officers have reasonable grounds to believe a person has been driving under the influence of intoxicating liquor when they have enough evidence to demonstrate the probability of intoxication. *See Smith v. Department of Transp.*, 146 Ariz. 430, 432, 706 P.2d 756, 758 (App.1985).

■ Here, no observations about Appellant's condition were included in the report. It merely contained the officer's description of the vehicle—that it failed to yield to traffic, and that it weaved while driving down the street. Alone, these observations are insufficient evidence to demonstrate the probability of Appellant's intoxication to a reasonable person; indeed, they could just as easily indicate the probability of fatigue, a medical problem, or even a driver's inattention. Therefore, we hold that a description or reference to a driver's condition is required to establish reasonable grounds to believe that a person was driving under the influence of liquor or drugs. Because no such description or reference was included in the officer's report, the report erroneously failed to state reasonable grounds in violation of A.R.S. section 28–691(D).

■ We now examine the effect of such an error. Although Appellant argues that this

---

1. In pertinent part, former A.R.S. section 28–691 provided:

   D. The department, upon the receipt of a report . . . that there are reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs and that the person had refused to submit to the test, shall suspend for a period of twelve months his license or permit to drive. . . .

   . . . .

   E. [The driver may request a hearing and] [t]he scope of such hearing for the purposes of this section shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs. . . .

**238**

error is jurisdictional, he offers no authority for such a proposition and we have found none. Therefore, we consider whether this error was reversible or harmless.

The Arizona Supreme Court has held that driver's license "suspension proceedings are civil in nature and are therefore governed by the rules of civil procedure." *Campbell v. Superior Court*, 106 Ariz. 542, 550, 479 P.2d 685, 693 (1971). Rule 61, Arizona Rules of Civil Procedure, defines harmless error and provides:

> No error or defect ... in anything done or omitted by ... any of the parties is ground[s] ... for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Rule 61 is consistent with Article 6, section 27 of the Arizona Constitution, which provides in pertinent part: "[n]o cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."

■ Here, Appellant was not prejudiced and substantial justice was done, despite the error in the report. First, we note that A.R.S. section 28-691(D) does not require that the report containing reasonable grounds be given to the driver. Rather, it only requires that the report to be sent to ADOT. Moreover, if a driver requests a hearing, the scope of the hearing is not whether the *report listed* the officer's reasonable grounds, but rather whether the *officer had* reasonable grounds. A.R.S. § 28-691(G). Within this statutory scheme, a technical error in a report prepared solely for the purposes of ADOT is hardly prejudicial to a driver, especially when a driver can, and does, challenge the reasonable grounds in a hearing.[2]

Second, the evidence produced at the hearing demonstrated that the officer had reasonable grounds to believe that Appellant was driving under the influence of intoxicating liquor. The officer testified that he smelled liquor on Appellant's breath, that Appellant admitted having between eight and ten drinks, and that Appellant swayed slightly while standing. Moreover, Appellant had the opportunity to cross-examine the officer and to present witnesses to refute the officer's testimony. Erroneously failing to list these reasonable grounds in the report did not prejudice Appellant. Accordingly, such error was harmless.

Finally, we note that our conclusion today furthers the policies underlying A.R.S. section 28-691: to remove from Arizona highways those drivers who may be a menace to themselves and others because of intoxication; to assure prompt revocation of the licenses of dangerous drivers; and to increase the certainty that impaired drivers are penalized even if they refuse to provide evidence of intoxication. *Schade*, 175 Ariz. at 462, 857 P.2d at 1316; *see also* Minutes of Arizona State Senate Committee on the Judiciary, H.B. 2273, at 14–16 (April 7, 1987); *Campbell*, 106 Ariz. at 546, 479 P.2d at 689.

### CONCLUSION

Although the report violated A.R.S. section 28-691(D) because it did not contain the officer's reasonable grounds to believe that Appellant was driving under the influence of intoxicating liquor, the violation here was harmless error. Accordingly, we affirm the trial court's judgment affirming ADOT's suspension of Appellant's driver's license.

EHRLICH, P.J., and WEISBERG, J., concur.

---

2. Appellant does not argue that his due process rights are violated by A.R.S. section 28-691. The Arizona Supreme Court has stated that Arizona's implied consent statutory scheme, prior to the 1987 amendments, is consistent with due process. *Barrett v. Thorneycroft*, 119 Ariz. 389, 393, 581 P.2d 234, 238 (1978) (citing *State v. Parra*,

119 Ariz. 201, 580 P.2d 339 (1978)). Because the amended statute affords drivers no less notice, still provides drivers with the right to a hearing, and also issues drivers a temporary driving permit during the pendency of the suspension proceedings, it does not implicate due process.