905 P.2d 551

Paul C. MIERNICKI, Plaintiff–Appellee,

v.

ARIZONA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Tom Schmidt, Director, Defendants–Appellants.

No. 1 CA–CV 94–0528.

Court of Appeals of Arizona,
Division 1, Department D.

June 27, 1995.

Review Denied Nov. 21, 1995.

Grant Woods, Atty. Gen. by Richard Kamps, Asst. Atty. Gen., Phoenix, for defendants-appellants.

James T. Bialac, Phoenix, for plaintiff-appellee.

## OPINION

VOSS, Judge.

The Arizona Department of Transportation, Motor Vehicle Division ("ADOT") timely appealed the superior court's judgment terminating the driver's license suspension of Paul C. Miernicki. We have jurisdiction pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–913 (1992). The court's judgment is vacated and this matter is remanded to superior court for the imposition of the remainder of the suspension period.

## FACTS AND PROCEDURAL HISTORY

At approximately 12:35 a.m. on December 26, 1993, Arizona Department of Public Safety Officer P.M. Wagner was called to milepost 154 on Interstate 10 to assist another officer with a driver who had been pulled over. When Wagner arrived, he was advised that the driver, Miernicki, was pulled over because he had been weaving and driving half-way in the parking lane.

Wagner approached Miernicki, who had watery eyes, slurred speech, and an odor of alcohol on his breath and clothing. Miernicki then agreed to participate in a series of field sobriety tests. The first test administered was the Horizontal Gaze Nystagmus Test. The results indicated probable impairment. The second test administered was the Rhomberg Modified Test. Not only was Miernicki decreasingly cooperative, but he also was swaying during the administration of this test. Ultimately, Miernicki's lack of cooperation, demeanor, odor of alcohol, and physical condition prompted Wagner to place Miernicki under arrest for a violation of A.R.S. section 28–692 (Supp.1993).

Miernicki was transported to a police station and advised of his *Miranda* rights.[1] After reading verbatim the admonitions listed on the DUI Implied Consent Affidavit to Miernicki two times, Wagner asked Miernicki to submit to an intoxilyzer test to determine his blood-alcohol concentration. Miernicki refused. Miernicki's driver's license then was suspended pursuant to A.R.S. section 28–691 (Supp.1994). Wagner filled out a certified report, which subsequently was filed with ADOT, stating:

On [December 26, 1993,] at [12:45 a.m.] at [Interstate 10, milepost 154] I had reasonable grounds to believe the person named had been driving or was in actual physical control of a motor vehicle under the influence of intoxicating liquor or drugs. Among the actions which led me to that belief were: *suspect stopped for driving [half] off in the parking lane.* (Emphasis added.)

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Miernicki timely requested an administrative hearing. At the beginning of the hearing, Miernicki moved to dismiss the suspension of his license. He alleged that ADOT lacked subject matter jurisdiction to suspend his license because the officer's certified report failed to set forth reasonable grounds to believe that Miernicki was driving under the influence as required by A.R.S. section 28–691(D).[2] The hearing officer denied the motion. The hearing continued and Wagner testified to the facts as described above. The hearing officer affirmed the suspension of Miernicki's driver's license.

Miernicki then filed a Petition for Judicial Review of Final Administrative Decision in superior court, raising the same jurisdictional argument. The court reversed the ruling of the hearing officer and ordered ADOT to terminate the suspension of Miernicki's driver's license. ADOT timely appealed to this court. ADOT does not contend that Wagner's certified report listed reasonable grounds as required by A.R.S. section 28–691(D). Rather, the only issue ADOT raises is whether the error in Wagner's certified report is jurisdictional.

## DISCUSSION

This issue recently was resolved in *Pearson v. Motor Vehicle Division*, 181 Ariz. 235, 889 P.2d 28 (App.1995). In *Pearson*, this court determined that an officer's error in failing to list reasonable grounds in a certified report as required by A.R.S. section 28–691(D) was not jurisdictional. *Id.* 889 P.2d at 30–31. It then concluded that such an error should be reviewed to determine whether it was reversible or harmless. *Id.* 889 P.2d at

31. Arguing that *Pearson* is not controlling, Miernicki raises two new arguments for the proposition that an officer's erroneous failure to list reasonable grounds in a certified report is jurisdictional.[3]

### A. ADOT Form E–2.

Miernicki argues that ADOT Form E–2 supports his position that an officer's erroneous failure to list reasonable grounds in a certified report is jurisdictional. We disagree.

Miernicki correctly notes that Form E–2 informs a driver that his or her driver's license is not suspended because "the information required on the affidavit was not complete."[4] Miernicki, however, neglects to mention that Form E–2 later notes that "[i]f the court convicts [a driver] of Driving Under the Influence [pursuant to A.R.S. section 28–692], [ADOT] is required to suspend [the driver's] driving privileges for ninety (90) consecutive days upon receipt of the conviction." *See* A.R.S. § 28–692.01(K) (Supp. 1994).

As a threshold matter, we note that ADOT's discretionary decision not to proceed on any given affidavit does not affect this court's legal analysis of ADOT's jurisdiction. Indeed, it has been recognized both that an administrative agency has only those powers delegated to it by the legislature and that the language of an agency's own regulations cannot confer any additional authority on such agency. *Cochise County v. Kirschner*, 171 Ariz. 258, 261–62, 830 P.2d 470, 473–74 (App. 1992). Thus, ADOT Form E–2 is not dispositive of our jurisdictional analysis. Moreover, after considering this form in its entire-

2. A.R.S. section 28–691(D) provides in pertinent part:
   If a person under arrest refuses to submit to the test designated by the law enforcement agency ... none shall be given.... However, the law enforcement officer directing administration of the test shall file a certified report of the refusal with [ADOT] and serve, on behalf of [ADOT], an order of suspension on the person which is effective fifteen days after that date.... The officer shall forward the report of refusal ... to [ADOT] within five days after the issuance of the notice of suspension. The certified report is subject to the penalty for perjury ... and shall state the officer's reasonable grounds to believe the arrested

person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs....

3. Miernicki also argues that basic principles of statutory construction support the position that an error in an officer's certified report is jurisdictional pursuant to A.R.S. section 28–691(D). This argument was rejected in *Pearson* and none of the authority cited by Miernicki requires us to revisit this issue.

4. An officer's certified report is only one of several items contained in the affidavit.

ty, we believe that it is consistent with the conclusion in *Pearson* that when an officer erroneously fails to list reasonable grounds in a certified report, such error is rendered harmless when subsequent proceedings establish that the officer did, in fact, have reasonable grounds to believe the driver was operating a motor vehicle under the influence.

*B. Analogy To Proceedings Pursuant To A.R.S. Section 28–694.*

Miernicki analogizes a driver's license suspension pursuant to A.R.S. section 28–691 ("implied consent suspension") with a suspension pursuant to A.R.S. section 28–694 (Supp. 1994) ("0.10 suspension"). He notes that *Pearson* creates inconsistent results between an implied consent suspension and a 0.10 suspension. Because of this inconsistency, Miernicki contends that *Pearson* incorrectly interprets A.R.S. section 28–691 and argues that an error in the certified report is jurisdictional. We disagree.

■■■■ A 0.10 suspension occurs when a driver submits to an intoxilyzer test and the results indicate that the driver had a blood or breath alcohol concentration of 0.10 or more. A.R.S. § 28–694(A). There are two methods of reviewing a 0.10 suspension: (1) a summary review pursuant to Arizona Administrative Code ("A.A.C.") R17–4–913;[5] or (2) a hearing pursuant to A.R.S. section 28–694(E). A summary review is an alternative to a hearing. *See* A.A.C. R17–4–913(A). In a summary review, a person can submit a

written explanation that his or her license should not be suspended because one or more of the requirements for suspension were not proven. A.A.C. R17–4–913(C)(4). One such requirement that a driver can challenge is that an officer's certified report failed to list reasonable grounds to believe the person was driving under the influence. A.A.C. R17–4–913(C)(1) & (4). Thus, Miernicki correctly notes that although an error in an officer's certified report *may* be a defense in a summary review of a 0.10 suspension, it would not be a defense at a hearing for an implied consent suspension.

Although Miernicki is correct, the inconsistency he highlights can be explained. Indeed, he fails to address two important considerations. First, when a driver requests a *hearing* to review either an implied consent suspension or a 0.10 suspension, one focus is whether an officer *had* reasonable grounds to believe the person was operating the vehicle under the influence. A.R.S. §§ 28–691(G), – 694(E). The hearing officer can make this determination based upon both an officer's *oral testimony and written reports.* Conversely, when a driver requests a summary review of a 0.10 suspension, the proceedings are conducted entirely in writing. A.A.C. R17–4–913(B)(1). There, the officer's written report is not supplemented by oral testimony and the focus is not whether the officer had reasonable grounds, but instead whether the *"officer's certification reflects* that the officer had reasonable grounds...." A.A.C. R17–4–913(C)(1) (emphasis added). Because

---

5. A.A.C. R17–4–913 provides in pertinent part:
  A. Definitions:
    1. "Summary review" is an alternative to a hearing, conducted by the executive hearing office of [ADOT], when a person has been issued a license/permit suspension order under the provisions of A.R.S. [section] 28–694 (License suspension if blood or breath alcohol test results indicate a concentration of 0.10 or more).
  B. Scope of summary review:
    1. The *summary review is an examination* of all written documents only, submitted to [ADOT]. The written decision rendered shall uphold or cancel the suspension order issued.
    ....
  C. The factors examined during a summary review shall be limited to the following:
    1. Whether the officer's certification reflects that the officer had reasonable grounds

to believe the applicant was driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor.
    ....
    4. Whether the written statement of explanation of the applicant as to why [ADOT] should not suspend the applicant's driving privilege provides convincing evidence that one or more issues in paragraphs (1), (2) and (3) were not met.
    ....
  E. Application for a summary review is made available to all persons arrested for a violation of A.R.S. [section] 28–692 and who have complied with A.R.S. [section] 28–691 and have a[n] alcohol concentration exceeding the legal limit.

546

a summary review focuses on the sufficiency of the grounds contained only in the writing, it is logical that errors in the officer's written report would be afforded more significance. In fact, the difference in focus between a hearing and summary review strengthens this court's conclusion in *Pearson* that an error in an officer's certified report is not jurisdictional, but instead, is rendered harmless when evidence demonstrating an officer's reasonable grounds is presented at a subsequent proceeding.

 Second, a summary review is available *only* when a. person complies with A.R.S. section 28–691 by submitting to an intoxilyzer test *and* the results of such test prompt a 0.10 suspension. A.R.S. § 28–694(A); *see also* A.A.C. R17–4–913(E). A summary review is not available for an implied consent suspension. The legislature's decision not to give a driver a choice of methods to review an implied consent suspension is rational because there are no intoxilyzer test results when a person refuses to submit to such a test. Indeed, when an implied consent suspension is reviewed, an officer's testimony, credibility, and written report become even more important, as they must demonstrate that the officer had reasonable grounds to believe the person was driving under the influence without the intoxilyzer test results. This evidence is best presented in a hearing, not in an entirely written review.

In sum, Miernicki's analogy to proceedings reviewing a 0.10 suspension does not persuade us that *Pearson* is incorrect; to the contrary, it is consistent with this court's prior analysis and conclusion.

### C. Harmless Error Analysis.

Having rejected Miernicki's arguments, we now analyze the present case pursuant to *Pearson.*

 ADOT contends, and we agree, that Wagner's error in failing to list reasonable grounds in his certified report is harmless error. As in *Pearson,* "the evidence produced at the hearing demonstrated that the officer had reasonable grounds to believe that [the driver] was driving under the influ-

ence of intoxicating liquor." 181 Ariz. at 238, 889 P.2d at 31. Here, Wagner testified at the hearing that Miernicki's eyes were watery, his speech was slurred, his breath and clothes smelled like alcohol, and he failed field sobriety tests. And, as in *Pearson,* Miernicki "had the opportunity to cross-examine [Wagner] and to present witnesses to refute [Wagner's] testimony." *Id.* Therefore, because Wagner's erroneous failure to list reasonable grounds in the certified report did not prejudice Miernicki, it was harmless error.

### CONCLUSION

Because Wagner's failure to list reasonable grounds in the certified report as required by A.R.S. section 28–691(D) was harmless error, the superior court erroneously reversed the ruling of the hearing officer. We vacate the court's judgment and remand this matter to superior court for imposition of the remainder of the suspension period.

NOYES, P.J., and GRANT, J., concur.