546 P.2d 1152

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, successor agency to the Employment Security Commission of Arizona, Appellant,**

v.

**John B. LIDBACK, Appellee.**

**No. I CA–CIV 2819.**

Court of Appeals of Arizona,

Division 1,

Department A.

March 16, 1976.

Rehearing Denied April 14, 1976.
Review Denied May 18, 1976.

Bruce E. Babbitt, Atty. Gen. by Frank J. Sagarino, Asst. Atty. Gen., Phoenix, for appellant.

Edward E. Selden, Phoenix, for appellee.

## OPINION

FROEB, Judge.

The Arizona Department of Economic Security (referred to as "the Department") appeals from a superior court judgment reversing a decision of the Department to recoup certain unemployment benefits paid to appellee.

On October 13, 1971, appellee was involuntarily discharged from his employment with the United States Postal Service for alleged inefficiency. Four days later, appellee filed a claim with the Department for unemployment insurance benefits, and qualified for a weekly benefit amount of $49.00, which he received from October 24, 1971 through April 22, 1972. On March 10, 1972, while he was receiving unemployment benefits, appellee filed an action in federal district court againt the United States Postal Service seeking damages for wrongful discharge and reinstatement to his position as a postal employee. On December 20, 1972, the district court ruled that appellee's "discharge for inefficiency was not supported by the evidence and [he] was wrongfully discharged." The district court determined that appellee could not be restored to employee status, as he had been only a temporary employee and the term of his employment had expired on April 16, 1972. However, the court did hold that appellee was "entitled to receive back pay from October 14, 1971, the day following termination, through April 16, 1972, computed under the Federal Back Pay Act, 5 U.S.C. Section 5596." Appellee was awarded $4,601.77, representing the amount of earnings appellee would have received had he not been wrongfully discharged.

On June 20, 1973, the Department determined that the district court judgment awarding back pay to appellee made appellee ineligible for the unemployment benefits which had been paid to him, and assessed an overpayment against appellee in the sum of $1,176.00.

Appellee then appealed the Department decision to the superior court. After a hearing, the trial court reversed the decision of the Department. It found that petitioner was "without fault in his actions" and that recoupment of the funds would be "without equity and good conscience."

On appeal to this court, the Department argues that under the statutory scheme in Arizona, an award of back pay to a person who has received unemployment insurance benefits makes that person ineligible for those benefits. It argues that A.R.S. § 23–788 authorizes the Department, in its discretion, to require repayment of benefits received by a person who was not entitled to them. Finally, the Department argues that its decision to require repayment may not be overturned upon a showing that the recipient was without fault, but only upon a showing that the Department abused its discretion in requiring repayment.

Appellee claims he is entitled to retain the unemployment benefits because the judgment in the district court was not an award of back pay, but, rather, a general damage award computed under the Federal Back Pay Act. Since the award was for damages, appellee argues that he was not paid "wages" which would render him ineligible for unemployment compensation.

A.R.S. § 23–621 provides:

An individual shall be deemed "unemployed" with respect to any week during

which he performs no services and with respect to which no *wages* are payable to him, or with respect to any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. [Emphasis added]

█ Regardless of the nomenclature applied to the judgment of the district court, it did, in fact, reimburse appellee for all wages he would have received had he not been wrongfully discharged from the postal service. The judgment was, in essence, an award of back pay. The appellee, therefore, was not "unemployed" as defined by A.R.S. § 23–621. The trial court apparently agreed as there is no finding to the contrary in its judgment. Consequently, appellee was ineligible for unemployment benefits under A.R.S. § 23–771, and thus received benefits "to which he was not entitled" under A.R.S. § 23–788.

Having determined that the funds were "wages" subject to recoupment by the Department, we must decide whether the trial court was justified in determining that repayment should be waived.

█ A.R.S. § 12–901 et seq., outline the procedure for review of final administrative decisions by the superior court. Under A.R.S. § 12–910(A), a review by the superior court must be based solely upon the record before the court, unless the requirements of A.R.S. § 12–910(B) allowing for a trial de novo are satisfied. As a hearing was held by the Department, the superior court did not conduct a trial de novo. The appeal therefore was upon the record. Consequently, the court could not substitute its own discretion for that exercised by the Department. It could only decide whether the Department erred in its interpretation of the law or whether the administrative action was arbitrary, capricious or involved an abuse of discretion. *Arizona Board of Regents v. Superior Court,* 106 Ariz. 430, 477 P.2d 520 (1970); *Beaman v. Aynes,* 96 Ariz. 145, 393 P.2d 152 (1964); *Arizona Board of Osteopathic Examiners v. Ferris,* 20 Ariz.App. 535, 514 P.2d 288 (1973).

A.R.S. § 23–788 provides:

Any person who has received, without fault on his part, any amount as benefits under this chapter to which he was not entitled, shall be liable in the discretion of the commission either to repay such amount to the commission for the fund, or to have such sum deducted from future benefits payable to him under this chapter, except that such repayment or deduction shall not be required if recoupment would either defeat the purpose of this chapter or would be against equity and good conscience. As amended Laws 1966, Ch. 107, § 4.

The statute recognizes that a recipient may be required to refund unemployment benefits to which he was not entitled even where he is "without fault," unless the equities of the situation demand otherwise. In the present case, the Department determined the equities against appellee and held that the benefits which he received should be repaid.

█ As the statute provides that this question is to be determined by the Department in the exercise of its discretion, it was error for the superior court to substitute its own determination in the absence of a finding that the decision of the Department was either arbitrary, capricious or an abuse of its discretion.

For the reasons stated, the judgment is reversed and the case is remanded with directions to enter judgment in favor of appellant.

DONOFRIO, P. J., and OGG, J., concur.