IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**RONALD A. SIMMS,**
*Plaintiff/Appellant, Cross-Appellee,*

*v.*

**ARIZONA RACING COMMISSION,**
*Defendant/Appellee, Cross-Appellant,*

*and*

**JEREMY E. SIMMS, ET AL.,**
*Defendants/Appellees, Cross-Appellants.*

---

No. CV-25-0079-PR
Filed May 14, 2026

---

Appeal from the Superior Court in Maricopa County
The Honorable Timothy J. Thomason, Judge, *Retired*
No. LC2016-000505-001
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
259 Ariz. 415 (App. 2025)
**VACATED**

---

COUNSEL:

Nathan J. Novak, Cole Pedroza LLP, San Marino, CA; and Dominic E. Draye (argued), Matthew P. Hoxsie, Greenberg Traurig LLP, Phoenix, Attorneys for Ronald A. Simms

Michael C. Manning, Michael C Manning PLLC, Phoenix; and James M. Torre (argued), Zwillinger Wulkan PLC, Phoenix, Attorneys for Jeremy E. Simms, TP Racing LLLP, and Bell Racing LLC

Christopher L. Hering (argued), Cameron C. Artigue, Gammage & Burnham, P.L.C., Phoenix, Attorneys for Arizona Racing Commission

Kristin K. Mayes, Arizona Attorney General, Joshua D. Bendor, Solicitor General, Luci D. Davis, Kathryn E. Boughton, Assistant Attorneys General, Phoenix, Attorneys for Amicus Curiae Arizona Attorney General's Office

Ilan Wurman, In Propria Persona, Minneapolis, MN, Amicus Curiae Ilan Wurman

Aditya Dynar, Pacific Legal Foundation, Arlington, VA, Attorney for Amicus Curiae Pacific Legal Foundation

———————————

VICE CHIEF JUSTICE LOPEZ authored the Opinion of the Court, in which CHIEF JUSTICE TIMMER, and JUSTICES BOLICK, BEENE, KING, CRUZ, and JUDGE KELLY* joined.

———————————

VICE CHIEF JUSTICE LOPEZ, Opinion of the Court:

¶1 We consider three questions arising from the 2021 amendments to A.R.S. § 12-910(F), a provision concerning the scope of judicial review of administrative decisions: (1) whether the Legislature eliminated substantial-evidence review; (2) what standard a reviewing court applies to an administrative agency's factual findings in a proceeding brought by or against a regulated party ("Regulated-Party Proceeding"); and (3) whether appellate courts must independently review an agency's factual findings de novo.

¶2 We hold that the 2021 amendments did not eliminate substantial-evidence review. In a Regulated-Party Proceeding, the reviewing court—a superior court—independently determines all questions of fact without deference to the agency and then asks whether the

---

* Justice William G. Montgomery has recused himself from this case. Pursuant to article 6, section 3 of the Arizona Constitution, Judge Michael F. Kelly of the Arizona Court of Appeals, Division Two, was designated to sit in this matter.

agency's action is supported by substantial evidence based on those independently determined facts. Appellate courts, however, do not repeat that independent factual inquiry; they review the superior court's factual findings under ordinary appellate standards while independently reviewing the legal question of whether the agency's action is supported by substantial evidence.

## BACKGROUND

¶3        This case arises from competing claims to a horse-racing license at a racetrack in Phoenix, Arizona. While this case has an extensive factual and procedural history spanning twenty-five years, *see Simms v. Simms*, 259 Ariz. 415, 421–24 ¶¶ 3–24 (2025), because the questions before us are purely ones of statutory construction, we confine our background discussion to the procedural posture necessary to frame those questions.

¶4        Ronald A. Simms ("Ron") applied for a horse-racing license, which the Arizona Department of Racing denied. Ron appealed to the Office of Administrative Hearings, and an Administrative Law Judge ("ALJ") recommended that his application be granted. After the Legislature transitioned the Department of Racing into the Division of Racing within the Arizona Department of Gaming, 2015 Ariz. Sess. Laws, ch. 19, § 2 (1st Reg. Sess.), the Division of Racing's director inherited the ALJ's recommendation. Because the Division of Racing took no action within thirty days, the recommendation became the final agency decision by operation of law. *See* A.R.S. § 5-104(D). As persons aggrieved by that decision, Jeremy Simms, Bell Racing, LLC, and TP Racing, L.L.L.P. (collectively "TP Racing") appealed to the Arizona Racing Commission ("Commission"). *See* Ariz. Admin. Code R19-2-124. The Commission subsequently rejected the ALJ's recommendation and denied Ron a license in November of 2016. Ron, as a "regulated party," appealed to the superior court. Without holding an evidentiary hearing, the superior court affirmed the Commission's decision, concluding it was supported by substantial evidence. Ron appealed, and the Commission and TP Racing cross-appealed. The court of appeals vacated the superior court's judgment and remanded, directing entry of judgment for Ron.

¶5        We granted review to address three recurring questions of statewide importance concerning the proper framework for judicial review

under § 12-910(F) as amended in 2021. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-913.

**DISCUSSION**

**¶6**         The questions before us involve issues of statutory interpretation, which we review de novo. *See Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142 ¶ 13 (2024). "When interpreting statutes, we begin with the text." *Franklin v. CSAA Gen. Ins. Co.*, 255 Ariz. 409, 411 ¶ 8 (2023). "We interpret statutory language in view of the entire text, considering the context and related statutes on the same subject." *Nicaise v. Sundaram*, 245 Ariz. 566, 568 ¶ 11 (2019). The primary aim of statutory interpretation is "to give effect to legislative intent." *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 195 ¶ 9 (2016) (quoting *Parrot v. DaimlerChrysler Corp.*, 212 Ariz. 255, 257 ¶ 7 (2013)). The plain language of a statute, as the law, is the best indication of that intent, which we apply "unless an absurd or unconstitutional result would follow." *Id.*

**I.**

**¶7**         The proper interpretation of § 12-910(F) resolves both the first and second questions presented in this case—whether the Legislature eliminated substantial-evidence review, and what standard a reviewing court applies to an administrative agency's factual findings in a Regulated-Party Proceeding.

**¶8**         We begin with § 12-910(F)'s text, which is the default framework for judicial review of agency actions:

> After reviewing the administrative record and supplementing evidence presented at the evidentiary hearing, the court may affirm, reverse, modify or vacate and remand the agency action. The court shall affirm the agency action unless the court concludes that the agency's action is contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion. In a proceeding brought by or against the regulated party, the court shall decide all questions of law, including the interpretation of a constitutional or statutory provision or a rule adopted by an agency, without deference to any previous

determination that may have been made on the question by the agency. *In a proceeding brought by or against the regulated party, the court shall decide all questions of fact without deference to any previous determination that may have been made on the question by the agency.* Notwithstanding any other law, this subsection applies in any action for judicial review of any agency action that is authorized by law.

(Emphasis added.) Prior to 2021, subsection (F) did not include the fourth (italicized) sentence. *See* 2021 Ariz. Sess. Laws ch. 281 § 1 (1st Reg. Sess.). The parties here dispute what effect the Legislature's 2021 amendment had on the proper application of § 12-910(F).

**A.**

1.

¶9 We begin our interpretation of subsection (F) by examining it within the broader structure of § 12-910 to understand its requirements and operation. Subsection (E) defines the superior court's record: "[t]he record in the superior court shall consist of the record of the administrative proceeding, and the record of any evidentiary hearing, or the record of the trial de novo." § 12-910(E). Subsection (F)'s introductory phrase—"[a]fter reviewing the administrative record and supplementing evidence presented at the evidentiary hearing"—tracks that definition precisely. § 12-910(F). Together, subsections (E) and (F) confirm that the default proceeding involves review of an existing record—the record created during the administrative process as supplemented by the superior court's evidentiary hearing—not the creation of a new one. This default proceeding is the proceeding subsection (F) governs.

¶10 The Legislature authorized a different proceeding in limited circumstances. Subsection (C) entitles qualifying parties to demand a trial de novo when the agency did not hold a hearing or create a record. § 12-910(C). Subsection (D) extends that option to parties in proceedings before certain agencies that regulate a profession or occupation. § 12-910(D). In those subsection (D) proceedings, the reviewing court hears the case "as though it were an original proceeding" in a court of original jurisdiction, creating its own record from scratch. *Duncan v. Mack*, 59 Ariz. 36, 40–42 (1942); *see also Horne v. Superior Court*, 89 Ariz. 289, 291 (1961).

Notably, the Legislature used "trial de novo" in subsections (C) and (D) but not in subsection (F). Where the Legislature uses different language in different provisions, we presume a different meaning is intended. *Burns v. Ariz. Pub. Serv. Co.*, 254 Ariz. 24, 31 ¶ 28 (2022). Although subsection (F) authorizes the superior court to conduct an evidentiary hearing to supplement the administrative record, it does not authorize a full trial de novo. It requires the reviewing court to independently determine questions of fact and law from within the existing administrative record with supplemental factfinding—a different process than a trial de novo, yet one that still embodies independent review.

¶11        Importantly, each sentence of subsection (F) carries a distinct function. The first identifies available dispositions. § 12-910(F). The second imposes a limiting principle: the court must affirm the agency action *unless* one of four defects is present—"the action is contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." *Id.* The third and fourth sentences prescribe how the court handles legal and factual questions in Regulated-Party Proceedings: it must decide them "without deference to any previous determination that may have been made on the question by the agency." *Id.* And the fifth makes subsection (F) the default for all authorized judicial review. *Id.* A cardinal principle of statutory construction requires that every clause and word be given independent effect. *Premier Physicians Grp.*, 240 Ariz. at 196 ¶ 16. Applying that principle, the second sentence governs the *standard* for evaluating whether the agency's action may stand. The fourth sentence governs the *method* by which the court determines the facts that inform that standard. These provisions operate at different levels of analysis. The 2021 amendment altered the latter (method) without disturbing the former (standard).

2.

¶12        With the proper construction of subsection (F) in mind, we turn to the parties' arguments concerning whether the Legislature eliminated substantial-evidence review, and the standard a reviewing court applies to an administrative agency's factual findings in a Regulated-Party Proceeding.

¶13        The Commission and TP Racing argue that the substantial-evidence clause survived the 2021 amendment unchanged and

continues to require deference to the agency's factual findings. In his supplemental briefing, Ron argues the opposite—that non-deferential factfinding is incompatible with substantial-evidence review, so the amendment must have eliminated substantial-evidence review altogether in Regulated-Party Proceedings. Both miss the mark.

¶14 Both parties' positions rest on the same mistaken premise that the Legislature could not retain the substantial-evidence standard while simultaneously eliminating deference to agency factfinding. Section 12-910(F)'s text demonstrates that the Legislature accomplished precisely that result when it amended the statute in 2021. As explained, subsection (F) provides that a reviewing court "shall affirm the agency action unless" it is "not supported by substantial evidence." § 12-910(F). That clause is categorical, mandatory, and the 2021 amendment left it intact. *See* 2021 Ariz. Sess. Laws ch. 281 § 1 (1st Reg. Sess.). Thus, we conclude that the Legislature did not eliminate substantial-evidence review.

¶15 Instead, what the 2021 amendment changed is *who* determines the facts on which the substantial-evidence inquiry operates. Before the amendment, courts "defer[red] to the agency's factual findings and affirm[ed] them if supported by substantial evidence" because no statutory provision set forth a specific standard of review for issues of fact. *Gaveck v. Ariz. State Bd. of Podiatry Exam'rs*, 222 Ariz. 433, 436 ¶ 11 (App. 2009); *see Webster v. State Bd. of Regents*, 123 Ariz. 363, 365–66 (App. 1979). That practice meant reviewing courts would affirm an agency's factual findings if, viewing the evidence favorably to the agency, a reasonable person could reach the agency's result—even if two inconsistent factual conclusions were supported by the record. *Gaveck*, 222 Ariz. at 436 ¶ 11. The fourth sentence of subsection (F) eliminated that practice. *See* § 12-910(F). Courts must now independently determine all questions of fact without deference to any agency determination. *Id.* That change does not eliminate substantial-evidence review for an agency action; it changes the inputs to that standard. The court independently determines the facts and then asks whether the agency's action is supported by substantial evidence based on those facts. The agency's own factfinding plays no controlling role.

¶16 This reading gives the substantial-evidence clause and the "no deference" directive independent effect without rendering either superfluous. The substantial-evidence clause continues to define when a

reviewing court must affirm or set aside agency action. The "no deference" directive defines how the court establishes the facts. The two operate in sequence: the court independently determines the facts, then applies the governing standard to the agency's action based on those facts.

¶17 The Commission and TP Racing cannot reconcile their position with subsection (F)'s text. They contend the substantial-evidence standard survived and continues to require courts to defer to the agency's factual findings. However, when construing statutes, courts should "give meaning to 'each word, phrase, clause, and sentence so that no part will be void, inert, redundant, or trivial.'" *Mussi v. Hobbs*, 255 Ariz. 395, 398 ¶ 13 (2023) (quoting *City of Phoenix v. Yates*, 69 Ariz. 68, 72 (1949)). Here, the Commission and TP Racing's reading would effectively nullify the fourth sentence of subsection (F) in Regulated-Party Proceedings because it would require reviewing courts to defer on factual determinations, even though the Legislature directed, without qualification, that courts "shall decide all questions of fact without deference to any previous determination that may have been made on the question by the agency." § 12-910(F).

¶18 The Commission separately argues that the fourth sentence does not apply here because Ron is not a "regulated party" within the meaning of subsection (F). The Commission contends that "the regulated party" in subsection (F) refers only to parties regulated by agencies enumerated in subsection (D), reasoning that the fourth sentence of subsection (F) must be read together with subsection (D) because they were both added by the Legislature in the same amendment. *See* 2021 Ariz. Sess. Laws ch. 281 § 1 (1st Reg. Sess.). Although the parties waived the argument that Ron is not a regulated party because they did not dispute whether he was a regulated party below, *Simms*, 259 Ariz. at 432 ¶ 64, we address the merits of the argument to prevent any lingering confusion. *Kamma v. Gaun*, 584 P.3d 534, 536–37 ¶ 7 (Ariz. App. 2025) (explaining that courts may exercise discretion on whether to address waived arguments on appeal because waiver is procedural, not jurisdictional); *see also City of Tempe v. Fleming*, 168 Ariz. 454, 456 (App. 1991).

¶19 Fundamentally, the Commission's reading misconstrues the statute because subsection (F) asks only whether the proceeding involves the party regulated by the agency whose action is under review, not whether that agency appears on subsection (D)'s list. § 12-910(F). The fifth sentence of subsection (F) confirms its broad scope: "Notwithstanding any

other law, this subsection applies in *any* action for judicial review of *any* agency action that is authorized by law." *Id.* (emphasis added). That language forecloses limiting the provision to a particular category of agencies. Moreover, the Commission's own enabling legislation subjects its decisions to judicial review under title 12, chapter 7, article 6—Judicial Review of Administrative Decisions—the very provision that includes § 12-910. *See* A.R.S. § 5-108.01(B).

¶20 Similarly, the argument that the fourth sentence applies only in a trial de novo under subsection (D) fails because subsection (F) and trial de novo proceedings are mutually exclusive tracks. *See* § 12-910(D)–(F). Applying the fourth sentence only in trial de novo proceedings would render it superfluous because a trial de novo creates an entirely new record, leaving no prior agency factual determination to defer to in the first place. *See Duncan*, 59 Ariz. at 40–42. The instruction to decide facts "without deference" to "any previous determination" by "the agency" has operative meaning only outside the trial de novo context—which is precisely where subsection (F) applies.

¶21 The Commission and TP Racing further argue that the "no deference" directive does not reach the substantial-evidence inquiry because whether substantial evidence exists is a question of law, not a question of fact, and the fourth sentence applies only to "questions of fact." They rely on *Batty v. Arizona Med. Bd.*, 253 Ariz. 151, 157 ¶ 23 (App. 2022), which observed that whether substantial evidence supports an agency decision is a question of law. While the premise is sound, the conclusion is not. Whether substantial evidence supports the agency's action is indeed a legal question—but one that necessarily depends on what facts the reviewing court adopts. Under the amended statute, those facts must be determined by the court, not the agency. § 12-910(F). Accepting the Commission and TP Racing's framing would allow courts to continue deferring to agency factfinding through a legal-question classification, directly contrary to the Legislature's express command.

¶22 Importantly, although *Batty* was decided after the 2021 amendment, the case involved no genuine factual dispute. *See Batty*, 253 Ariz. at 154 ¶ 11 n.2 (noting that the court need not determine "the effect, if any, of the [2021] amendment" on the case because "the essential facts [were] undisputed"). Thus, the court's observation that the substantial-evidence inquiry is a legal question was made in a context that

did not require it to address how the fourth sentence of subsection (F) applies to that inquiry. *Id.* To the extent *Batty* could be read to suggest the fourth sentence has no bearing on the substantial-evidence inquiry in Regulated-Party Proceedings, we disapprove it.

**¶23** Section 12-910(G) confirms our interpretation. When the Legislature eliminated deference to agency legal interpretations in 2018, it simultaneously added subsection (G), which provides that in certain health care appeals, courts affirm unless the agency action is not supported by substantial evidence, contrary to law, arbitrary and capricious, or an abuse of discretion—the deferential framework that existed under the pre-amendment version of subsection (F). § 12-910(G); 2018 Ariz. Sess. Laws ch. 180 § 1 (2d Reg. Sess.). Subsection (G) preserved the old framework for a specific category of regulated-party cases. If the Commission and TP Racing were correct in arguing that the old framework also survived in all other regulated-party cases, it is difficult to discern subsection (G)'s function. *See Nicaise*, 245 Ariz. at 568 ¶ 11 (explaining that courts interpret statutes to give effect to every provision and avoid readings that render any part superfluous). Subsection (G) makes sense only if subsection (F), as amended, operates differently in Regulated-Party Proceedings—which is precisely our interpretation here.

**¶24** Ron's reading is equally inconsistent with the text. He argues that because the fourth sentence eliminates deference to agency factfinding, and because substantial-evidence review is a form of deference, the two are in conflict, and, therefore, the amendment must have eliminated the substantial-evidence standard in Regulated-Party Proceedings. But a substantial-evidence review does not itself require a court to defer to what facts the agency found; it requires the court to ask whether the agency's *action* is supported by sufficient evidence. *See supra* ¶ 15. Under the amended statute, that question is answered based on the facts the court independently determines. Accepting Ron's position would require reading the substantial-evidence clause out of subsection (F) in Regulated-Party Proceedings—contrary to the statute's plain text.

**B.**

**¶25** In addition to explaining the interplay between subsection (F)'s second and fourth sentences, we clarify four additional

points implicated by the parties or the court of appeals to ensure this framework's proper application.

**¶26**　　　First, "agency action" in § 12-910 refers to the final administrative decision—the determination that concludes the administrative review process and from which judicial review is sought. *See* A.R.S. §§ 12-902(A)(2), -904(A), -910(A).　Since the Legislature codified § 12-910(F)'s standards of review in 1996, Arizona courts have understood the statute's reference to "agency action" to mean the reviewable final decision.　*See* 1996 Ariz. Sess. Laws ch. 102 § 16 (2d Reg. Sess.); *see, e.g., Sw. Paint & Varnish Co. v. Ariz. Dep't of Env't Quality*, 194 Ariz. 22, 25 ¶ 15 (1999). Nothing in the 2021 amendment altered that understanding.　*See* 2021 Ariz. Sess. Laws ch. 281 § 1 (1st Reg. Sess.).　Courts reviewing agency action under subsection (F) assess whether the final administrative decision—and the justifications it contains—provides sufficient support for the challenged agency action.　The administrative decision is the document courts consult to understand the agency's reasoning; it does not become a separate object of substantial-evidence review divorced from the underlying action.

**¶27**　　　Second, a "regulated party" seeking to invoke § 12-910(F)'s independent factual review must identify the specific factual findings it contests and explain why the record does not support them.　*See* A.R.S. § 12-909(A) ("The notice of appeal shall contain a statement of the findings and decision or part of the findings and decision sought to be reviewed."). That identification creates the "question of fact" that the reviewing court resolves without deference.　*See* § 12-910(F).　The reviewing court then independently evaluates the contested findings against the administrative record—including the ALJ's written findings, A.R.S. § 41-1092.08(A), and any written justification the agency provided for modifying or rejecting those findings, A.R.S. § 41-1092.08(B)—and, after supplementing the evidence at an evidentiary hearing, reaches its own determination. Uncontested agency findings are not independently reviewed as a matter of course; the court addresses only what the regulated party has placed in dispute.　*See* A.R.S. § 12-909(A).

**¶28**　　　Third, beyond pure questions of fact and law, § 12-910(F) also addresses mixed questions—those requiring a court to apply a legal standard to established facts.　Arizona courts have long decided mixed questions independently.　*See, e.g., Sanders v. Novick*, 151 Ariz. 606, 608 (App. 1986) (noting that courts may "substitute our judgment for agency

11

conclusions regarding the legal effect of [the agency's] factual findings"). The third sentence of subsection (F) confirms that independent review of legal questions—including the application of a legal standard to determined facts—remains the rule. § 12-910(F); *see also Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020) (explaining that the "phrase 'questions of law' includes the application of a legal standard to undisputed or established facts"). The 2021 amendment reinforces that conclusion: by requiring non-deferential review of both factual and legal questions, subsection (F) necessarily also requires non-deferential review of mixed questions of fact and law.

¶29 Last, the "no deference" command under subsection (F)'s third and fourth sentences is absolute as to questions of law and fact—including those involving agency expertise. A reviewing court independently determines all such questions without deferring to the agency's conclusions, even where the agency possesses specialized knowledge. What the amended statute does not do, however, is authorize a court to substitute its own policy judgment for the agency's on matters the Legislature has committed to the agency's discretion. *See DeGroot v. Ariz. Racing Comm'n*, 141 Ariz. 331, 336 (App. 1984) (explaining that a reviewing court may not substitute its own judgment for the agency's on matters committed to agency discretion). We note that the court of appeals relied on *DeGroot* for the proposition that reviewing courts may not substitute their judgment for the agency's "where . . . agency expertise [is] involved," and concluded that deference to agency discretion and expertise survives the 2021 amendment in Regulated-Party Proceedings. *Simms*, 259 Ariz. at 431 ¶¶ 57–58 (alteration in original) (quoting 141 Ariz. at 336). To the extent *DeGroot* supports deference to the agency's factual determinations or legal interpretations on grounds of expertise, that reading does not survive the 2021 amendment to § 12-910(F). The Legislature directed courts to decide *all* questions of law and fact without deference and created no expertise exception. We cite *DeGroot* here solely for the narrow proposition that a reviewing court may not substitute its own policy judgment for the agency's on matters the Legislature has committed to the agency's discretion—a constraint that is distinct from, and does not restore, deference to agency factfinding or legal interpretation.

¶30 Where a statute grants the agency discretionary authority, the reviewing court independently determines whether the agency acted within the legal bounds of that authority—a legal question decided without

deference. *See Lewis v. Ariz. Dep't of Econ. Sec.*, 186 Ariz. 610, 615 (App. 1996). If the agency acted within those bounds, the court cannot then impose a different result merely because it would have exercised the discretion differently. *See DeGroot*, 141 Ariz. at 336. That prohibition on judicial substitution of judgment is not deference—it is the boundary inherent in judicial review. Whether the agency's discretionary action was nonetheless arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence is a separate legal question the court answers independently under the second sentence of subsection (F), based on the facts the court has independently determined.

## C.

**¶31** Accordingly, we hold that § 12-910(F) did not eliminate substantial-evidence review, and the statute operates as follows: In a Regulated-Party Proceeding, the reviewing court independently determines all questions of law, fact, and their application, without deferring to any agency determination on those questions. The court then must affirm the agency's final action unless it concludes the action is contrary to law, is not supported by substantial evidence—judged against the facts the court independently determines—is arbitrary and capricious, or is an abuse of discretion. § 12-910(F). Where the agency acted within its delegated discretion, the reviewing court must defer to the proper exercise of that discretion after independently determining the underlying facts and law.

## II.

**¶32** We now turn to the third question presented in this case—whether *appellate* courts must independently review an agency's factual findings de novo. Section 12-910(F) only speaks to "the court" reviewing agency action—language situated in the superior court's role as the initial judicial forum, which receives the administrative record under subsection (E), holds any evidentiary hearing, and independently determines questions of fact and law without deferring to the agency. § 12-910(A)–(B), (E)–(F). Thus, the statute does not contemplate the appellate courts' review of an agency's factual findings de novo, nor does it address appellate review of the superior court's ruling. Appellate review of administrative proceedings is separately addressed. A.R.S. § 12-913 ("The final decision, order, judgment or decree of the superior court entered

13

in an action to review a decision of an administrative agency may be appealed to the supreme court."). Consequently, nothing in § 12-910(F) displaces the traditional division of responsibility between trial courts and appellate courts.

¶33 The standard for appellate review of a trial court's factual findings is well established. Appellate courts defer to a trial court's factual findings if they are reasonably supported by the record, but they independently review the ultimate legal question. *State v. Adair*, 241 Ariz. 58, 60 ¶ 9 (2016). We reaffirmed that standard in *State v. Alvarez-Soto*, where we rejected the argument that appellate courts may engage in de novo factual review. 579 P.3d 1227, 1234–35 ¶¶ 31–34 (Ariz. 2025). There, we observed that the trial court is uniquely situated to evaluate evidence in context and that designating any category of evidence as being subject to independent appellate review erases the distinction between deferential review of factual findings and de novo review of legal conclusions. *Id.* at 1234 ¶ 32. That principle applies equally here. The superior court, having either (1) reviewed the administrative record, supplemented the evidence by evidentiary hearing, and exercised its independent judgment on disputed factual questions, or (2) conducted a trial de novo, then stands in the same position as any trial court whose findings an appellate court reviews under *Adair*. Section 12-910(F) requires the superior court to independently determine any challenged facts. It does not convert appellate courts into original factfinding tribunals.

¶34 Critically, subsection (F)'s prohibition on deference runs against an agency's challenged determinations—not those of an ALJ. Under Arizona law, the Office of Administrative Hearings and the ALJs who staff it are separate from the agency involved in the proceeding. *See* A.R.S. § 12-901(1) (defining "agency"); A.R.S. § 12-904(B) (differentiating "the office of administrative hearings [and] the agency" as distinct entities). An ALJ's recommended findings are part of the administrative record the superior court reviews under subsection (E); they are not "previous determination[s] . . . made on the question by the agency" within the meaning of the fourth sentence of subsection (F). *See* § 12-910(F). Accordingly, subsection (F) neither requires a reviewing court to defer to ALJ findings, nor forecloses the court from giving those findings weight in the exercise of its independent judgment.

**¶35**        Whether to credit an ALJ's factual determinations remains a matter for the reviewing court's independent evaluation of the record. A reviewing court conducting proceedings pursuant to subsection (F) may find an ALJ's findings persuasive, particularly on credibility questions, for the same reason appellate courts defer to trial courts that have observed live testimony: the ALJ may be better positioned than a reviewing court operating on a cold record to assess witness demeanor and credibility. *See In re Pima Cnty. Juv. Action No. J-63212-2*, 129 Ariz. 371, 375 (1981) ("One of the most important principles in our judicial system is the deference given to the finder of fact who hears the live testimony of witnesses because of his opportunity to judge the credibility of those witnesses." (citation modified)); *cf. Ritland v. Ariz. Bd. of Med. Exam'rs*, 213 Ariz. 187, 191 ¶ 13 (App. 2006) (noting that, although the Arizona State Board of Medical Examiners is not bound by an ALJ's credibility findings, courts "recognize the importance of the ALJ's observation of the demeanor and attitude of the witnesses when rendering findings of fact as to those witnesses' credibility"). But this is a matter of evidentiary weight within the reviewing court's independent judgment, not a statutory mandate. What the statute forbids is deference to the agency; it imposes no rule, in either direction, regarding the weight the reviewing court must assign to an ALJ's findings.

**¶36**        The court of appeals' treatment of ALJ findings in this case illustrates the error this framework is meant to correct. The court of appeals relied on *Batty* for the proposition that appellate courts "engage in the same process as the superior court" when reviewing an administrative action. 253 Ariz. at 154 ¶ 11. *Batty* does not require an appellate court to independently re-determine facts already found by the superior court. The case involved no genuine factual dispute, and its statement that appellate courts "engage in the same process" reflects that both courts owe no deference to the agency in reviewing questions of law decided by the agency—not that appellate courts must conduct original factfinding. *See id.* at 154–55 ¶ 11 & n.2. Reading *Batty* to require appellate courts to re-determine the superior court's factual findings de novo would collapse the distinction *Adair* and *Alvarez-Soto* preserve. We disapprove of that reading of *Batty*.

**¶37**        Thus, an appellate court reviewing a superior court's ruling in a Regulated-Party Proceeding under § 12-910(F) defers to the superior court's factual findings if they are reasonably supported by the record. *See Adair*, 241 Ariz. at 60 ¶ 9. It independently reviews the legal question of

whether, based on those findings, the agency's action satisfies the standard in § 12-910(F). Appellate courts are not permitted to independently re-determine the superior court's factfinding. This framework governs ALJ credibility determinations at the appellate stage as well. An appellate court reviewing the superior court's factual findings—including any finding that credited or discredited an ALJ credibility determination—defers to those findings if they are reasonably supported by the record. *See Adair*, 241 Ariz. at 60 ¶ 9.

## CONCLUSION

**¶38** For the foregoing reasons, we vacate the court of appeals' entry of judgment in Ron's favor, vacate its opinion, and reverse the superior court's ruling affirming the Commission's decision. Because neither the court of appeals nor the superior court applied the framework we announce today, the superior court must independently determine all questions of fact and law without deferring to the Commission's findings and then determine whether the Commission's action is supported by substantial evidence based on those independently determined facts. We are not positioned to apply that framework—the superior court's independent factual determination is the required first step, which must be made in the first instance in that court. *See* § 12-910(A)–(B), (E)–(F). Accordingly, we remand to the superior court for further proceedings consistent with this Opinion.